WARREN *et al.* v. THE DAVENPORT FIRE INSURANCE COMPANY.

Insurance: WHAT INTERESTS ARE INSURABLE: STOCK IN A CORPORATION. The owner of stock in a corporation organized for pecuniary profit has, by reason of such ownership, an insurable interest in the corporate property. A qualified interest, or any interest in the subject-matter, is the subject of insurance. What interests are and what are not the subject of insurance, defined by MILLER, J., and the authorities collated.

*Appeal from Clinton District Court.*

THURSDAY, JUNE 8.

ACTION on a policy of insurance, issued by defendant on alleged property of Goodale & Hosford, payable, in case of loss, to the plaintiffs. It is averred in the petition that on the 20th day of April, 1870, in consideration of the premium of $125 then agreed to be paid by one Goodale to defendant, the defendant by its duly authorized agent agreed to insure, and did then insure, said Goodale & Hosford, from twelve o'clock noon of that day until twelve o'clock noon on the 20th day of April, 1871, against loss or damage by fire, to the amount of $2,500, *on their private* stock contained in a one story frame saw-mill, machinery, fixed and movable, engine and boilers therein, and known as that of the Dubuque Lumber Company, of Dubuque, Iowa—loss, if any, payable to the plaintiffs; that the defendant, by its said agent, on the day aforesaid, for the said consideration, agreed to make and deliver to said Goodale & Hosford the defendant's policy of insurance, in writing, to evidence said insurance; and that on the 29th day of April, 1870, and after the destruction of the insured property and with full knowledge of that fact, said defendant, by its said agent, did deliver its said policy of insurance, dated April 20, 1870. It is further

alleged that the premium was duly paid by Goodale & Hosford, in pursuance of the agreement, and was received by the defendant with knowledge of all the facts. It is also averred that the said Dubuque Lumber Company, at the date of said policy, was and still is a corporation under the laws of this State; that by the "private stock" before mentioned was meant the capital stock which said Goodale & Hosford then had and still have in said corporation, all of which was known to the agent of defendant at the time of the insurance; and by means of such stock said Goodale & Hosford had and continued to have an interest in the insured property, viz.: in said saw-mill, machinery, etc., to an amount exceeding $2,500, over and above so much of their interest therein as was covered by an insurance of $15,000, effected by the corporation in its corporate name; that the plaintiffs are creditors of Goodale & Hosford to a large amount, and hold the certificates for a considerable amount of the stock of said corporation, as security for the payment of the money due them from said Goodale & Hosford, and that the insurance was effected with the full knowlege and consent of said lumber company.

It is further averred that the true and actual cash value of the interest of Goodale & Hosford in the property covered by the insurance was, when the same was destroyed by fire on the 29th day of April, 1870, more than $2,500, over and above their interest in said property as covered by the insurance of $15,000, in the name of the corporation, and that said Goodale & Hosford have in all respects conformed to and observed and kept the conditions of the said policy. A copy of the policy is attached to the petition, in which it is stipulated that "the loss or damage is to be estimated according to the true and actual cash value of the property at the time the same shall happen, and be paid," etc.

To this petition the defendant demurred on two grounds,

*First*, that it does not show that the plaintiffs have any interest in the property destroyed or in the policy ; *Second*, that the petition does not show, that Goodale & Hosford had any insurable interest in the property insured at the time the insurance was effected by them.   This demurrer was sustained and plaintiffs appeal.

*Cotton & Cross* for the appellants.

*W. E. Leffingwell* for the appellee.

MILLER, J.—The question raised by the demurrer is, whether the parties effecting the insurance in this case had an *insurable interest* in the property insured, at the time the risk was taken and at the time of loss by fire.

Policies of insurance founded upon *mere* hope and expectation, and *without some interest* are said to be objectionable as a species of *gaming*, and so have been called *wager* policies.   These policies were expressly prohibited in England by statute of George II, ch. 37, and they have been adjudged illegal and void in this country upon the principles of that statute.  · Angell on Fire & Life Ins., §§ 18, 55. It is not that wager policies are without consideration or unequal between the parties that they are held void ; but because they are contrary to public policy.   Policies of fire insurance, without interest, are peculiarly and extremely hazardous by reason of the temptation they hold out to the commission of arson by the party assured, which is necessarily attended with peril of the most deplorable kind to a whole neighborhood.   In *King* v. *State Mutual Fire Ins. Co.*, 7 Cush. (Mass.) 10, Mr. Chief Justice SHAW says: "If an insurance were made on a subject in which the assured has no pecuniary interest— although in other respects he may be *deeply concerned* in it and on *that* ground be willing to pay a fair premium— made with full knowledge of all the circumstances, by both

parties, without coercion or fraud, we cannot perceive why it would not be valid as between the parties. But upon the strong objections, on grounds of public policy, to all gaming contracts, and especially to contracts which would create a temptation to destroy life or property, such policies without interest are justly held void." Upon the ground of public policy, therefore, if the assured have no interest in the thing insured the policy must be held void. This is well settled. On the other hand it is equally well settled that not only the *absolute* owner, but any one having a *qualified* interest in the property insured, or even any reasonable expectation of profit or advantage to be derived from it, may be the subject of insurance and especially if it be founded in some legal or equitable title. Id., § 56. And the general doctrine that any interest in the subject-matter insured is sufficient to sustain an insurance upon real property is one which has been fully sustained. Id., § 57, and notes. Several persons owning different interests in the same property may insure their several interests. And it is not material whether the interest assured be legal or equitable. Any interest which would be recognized by a court of law or equity is an insurable interest.

The interest of a *cestui que trust*, mortgagor, mortgagee, of a lender or borrower on bottomry, so far as regards the surplus value, or of a captor, or of one entitled to freight or commissions, is insurable. So where a lessor on ground rent has entered for the arrears, under a covenant that he may hold until the arrears are paid, etc., has an insurable interest. So also in case of one in possession of land by disseisin. Angell on Fire and Life Ins., §§ 57, 58, 59; 2 Parsons on Cont., § 2, of ch. 14, commencing on p. 438, and cases cited; 2 Greenlf. on Ev., § 379.

The term *interest*, as used in application to the right to insure, does not necessarily imply *property* (*Hancock* v. *Fishing Insurance Co.*, 3 Sumner's C. C. 132; Angell

on Life and Fire Ins., § 56), and as the contract of insurance is one of indemnity, against losses and disadvantages, an *insurable interest* may be proved in the assured, without the evidence of any legal or equitable *title* in the property. *Putman* v. *Mercantile Insurance Co.*, 5 Metc. 386; *Lazarus* v. *The Commonwealth Insurance Co.*, 19 Pick. 81, 98. An "insurable interest" is *sui generis*, and peculiar in its texture and operation. It sometimes exists where there is not any present property, or *jus in re*, or *jus ad rem*. Yet such a connection must be established between the subject-matter insured, and the party in whose behalf the insurance has been effected, as may be sufficient for the purpose of deducing the existence of a loss to him from the occurrence of the injury to it. *Buck* v. *Chesapeake Insurance Co.*, 1 Pet. 163.

In the case under consideration, the assured were stockholders in the Dubuque Lumber Co., a corporation for pecuniary profit. The property destroyed belonged to the corporation. The insurance was upon the interest which the assured had in that property by virtue of the capital stock therein owned by them.

The object of the insurance was to indemnify the assured against loss to them in the event of a destruction of the property by fire. Could or would they sustain loss in such event? How would their interest be affected? It seems to us to be beyond controversy, that, in case of the destruction of the corporate property by fire, the stockholders sustain loss to a greater or less extent, dependent on the particular circumstances. Suppose the case of a grain elevator upon some one of our numerous railroad lines, built, owned and managed by a joint-stock corporation; that this is the only property of the corporation; that the entire capital stock is represented in and by this property; that, in consequence of the profitable nature of the business, large dividends are realized by the stockholders, and the stock is above par in the market. The

destruction of this property by fire would at once result in the loss of dividends to the stockholders and a destruction of the value of the stock, or at least to its reduction to a nominal value. · The entire property, representing the whole capital of the corporation, being destroyed, it is difficult to perceive what would give any value to the stock. It is true that, primarily, the loss is that of the corporation, and hence it may insure, but the corporation may refuse to insure, and then the *real* and actual loss falls on the stockholders.

The appellee argues that shares of stock in a corporation are choses in action, and are not considered to be an interest in the real property of the company, and cites numerous authorities to sustain this position. This may be admitted without denying the shareholders' "insurable interest" in the property of the corporation. A mortgage, also, is but a chose in action. The mortgagee acquires no right to the mortgaged property which can be attached, levied on under a general execution, or that can be inherited. · It is a mere security for a debt. *Eaton* v. *Whitney*, 3 Pick. 484; *Smith* v. *People's Bank*, 11 Shep. (Me.) 185; *Abbott* v. *Mutual Fire Ins. Co.*, 17 id. 414; *Middleton Savings Bank* v. *Dubuque*, 15 Iowa, 394; *Newman* v. *De Lorimer*, 19 id. 244; *Baldwin* v. *Thompson*, 15 id. 504; *Burton* v. *Hintrager*, 18 id. 348; Hilliard on Mort. 215.

And yet the cases are uniform to the effect that a mortgagee of real property has an insurable interest therein which he may insure on his own account, but that when he does so it is but an insurance of his *debt*. *Eaton* v. *Whitney*, *supra*. And in case of damage by fire to the premises before payment of the mortgage, his loss, if any, is that his security has been impaired or lost. His interest is but a chose in action in the nature of a security, which he may insure, so that in case of destruction of or damage to the property upon which his security rests, he will be indemnified for the loss he actually sustains. So,

also, it seems to us that the owner of stock in a corporation for pecuniary profit has a like interest in the corporate property. A mortgagee of real property has an insurable interest in the mortgaged premises, based upon the interest he has in the preservation of the same as security for a debt. He has a legal right to contract for indemnity against injury to the value of his security.

Upon precisely the same principle a stockholder may contract for indemnity against injury to the value of his stock, for he also has an interest in the preservation of the corporate property from destruction by fire; and in its destruction he sustains loss in so far as the value of his stock is depreciated in consequence thereof, or his dividends cut off.

The argument that if this is allowed owners of stock worth not more than ten per cent upon its nominal value may be insured at its par value, and in case of loss by fire such par value of the stock recovered from the insurer seems to us to be unsound. Without entering into a discussion in detail of what would be the exact measure of recovery in such case, we simply answer that no more than the *actual loss sustained* is in any case recoverable. This rule is well established, and rests upon just principles. See Angell on Fire and Life Ins., ch. 11, and cases cited in notes.

The question under consideration has not received direct judicial determination in any of the States, so far as we have been able to discover. The case of *Phillips* v. *Knox County Ins. Co.*, 20 Ohio, 174, is cited and claimed as an authority against the right of a stockholder to insure. The decision in that case, as a careful examination of the same fully shows, was made entirely upon a construction of the charter of the insurance company, which gave a *lien* on the insured property, including the land on which the buildings stand. By the charter a sale of the insured property rendered the policy void, and the 9th section de-

Warren v. The Davenport Fire Insurance Company.

clared, that if the insured have a less estate than an unincumbered title in fee simple to the buildings insured and the lands covered by the same, the policy shall be void, unless the true title of the insured and the incumbrances be expressed in the policy and in the application therefor. The plaintiff insured *as owner* of the property, which in fact belonged to a corporation of which he was a stockholder, and the court held that, " where a building and the land on which it stands is the property of an incorporated company, the stockholders could not, under the provisions of the defendant's charter, insure such property as their individual property in the defendant's company."

Under the charter of that company, a mortgagee even, insuring the property *as his own*, would likewise be defeated in a recovery. So the owner in fee simple could not recover if the property was incumbered and the incumbrance not set forth in the policy. And of course the same result must follow where a stockholder insures corporate property as his own individual property. The decision in that case goes no further than this, and is no authority in support of the proposition, that a stockholder has no insurable interest in the property of the company, and, hence, has no bearing upon the question before us.

The judgment of the district court is

Reversed.