**PACIFIC FIRE INS. CO. v. JOHN E. MOR-
RIS CO. et al. (No. 7848.)**

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1927.

Rehearing Denied Jan. 18, 1928.

1. **Corporations ⬦182—Stockholder does not
hold title to corporate property.**

Owner of capital stock of corporation does
not hold title to corporation's property.

2. **Insurance ⬦115(2)—Parties ⬦40(2)—
Stockholder owning 98 per cent. of corpora-
tion's stock held to have insurable interest au-
thorizing his intervention in action on tornado
insurance policy insuring ownership interest in
corporation.**

Where tornado insurance policy on corpora-
tion's property provided that interest insured
was ownership interest of assured, stockholder
owning 98 per cent. stock of corporation had
insurable interest in property, and permitting
him to intervene in action on policy was not er-
ror.

3. **Insurance ⬦115(2)—Stockholder has insur-
able interest in corporation's property.**

Stockholder has interest in corporate prop-
erty which he may insure against loss.

4. **Insurance ⬦654½—Testimony of owner of
98 per cent. of insured corporation's stock that
corporation had paid premium on tornado in-
surance policy held admissible.**

In action on tornado insurance policy, tes-
timony of stockholder owning 98 per cent. of
stock of insured corporation, and who inter-
vened in action, that corporation had paid pre-
mium on policy, was admissible.

5. **Insurance ⬦163(1)—Sprinkler system pro-
tecting against fire held covered by tornado in-
surance policy.**

Where sprinkler system protecting building
against fire was part of building, it was covered
by tornado insurance policy on building.

6. **Insurance ⬦668(10)—In action on tornado
insurance policy, testimony as to probability
of down spout on building being clogged con-
stituting witness' opinion or conclusion held
matter for jury.**

In action on tornado insurance policy in
which question whether rain falling on roof and
accumulation thereof contribute to force front
of building to give way was in issue, testimony
of witness as to probability of down spout being
clogged constituting mere opinion or conclusion,
if issue at all, was matter for jury.

7. **Insurance ⬦661—In action on tornado in-
surance policy, admitting testimony to show
cost of replacing property and facts disclosing
age and extent of repairs before damage show-
ing depreciation held proper.**

In action on tornado insurance policy, ad-
mitting testimony to show cost of replacing
property as terms of policy required and other
facts disclosing age and extent of repairs be-
fore damage enabling jury to make proper de-
duction for depreciation was proper.

8. **Insurance ⬦668(13)—In action on tornado
insurance policy, cost of replacing property
and proper deduction for depreciation held
facts for jury.**

In action on tornado insurance policy, cost
of replacing property and age and the extent of
repairs before damage showing proper deduction
for depreciation *held* facts for jury.

Appeal from District Court, Dallas County.

Action by the John E. Morris Company
against the Pacific Fire Insurance Company
on a tornado insurance policy, in which
John E. Morris intervened as a party plain-
tiff. From a judgment for plaintiff and the
intervener, defendant appeals. Affirmed.

Senter & Strong, of Dallas, for appellant.
McCormick, Bromberg, Leftwich & Car-
rington, of Dallas, for appellees.

COBBS, J. John E. Morris Company, a
corporation, as plaintiff, brought suit against
Pacific Fire Insurance Company, a corpora-
tion, defendant, upon a certain policy of in-
surance covering a one-story brick and ce-
ment building in the city of Dallas, Tex.,
with insurance against loss or damage by
tornado, windstorm, or cyclone, in the
amount of $6,000. Plaintiff alleged that a
windstorm occurred on the 8th day of June,
1925, which partially destroyed the property
and damaged it in excess of $5,000; that
there was at the time another policy out-
standing of the same nature as that issued
by the defendant, which policy was issued by
Republic Insurance Company for the sum
of $6,500. Plaintiff asked that the loss and
damage should be prorated between said
companies, and prayed for judgment against
the defendant in the sum of $2,500.

Defendant answered by general denial and
special answers as follows:

(a) It denied that it ever issued a policy to
plaintiff as described in the petition.

(b) It denied that the loss and damage, if
any, suffered by the plaintiff was caused by
a windstorm, and alleged that it was the
proximate result of a cause not insured
against by the policy.

(c) It alleged that the insured was not
the owner of the property.

Plaintiff, John E. Morris Company, a cor-
poration, filed an amended petition, in
which it alleged that John E. Morris, a resi-
dent citizen of Dallas county, was the owner
of 98 per cent. of its capital stock.

Over the objection of defendant, John E.
Morris was granted leave by the court to file
a plea of intervention, and in this plea al-
leged that he was the owner of 98 per cent.
of the capital stock of John E. Morris Com-
pany, a corporation, and entitled to re-
cover the proceeds of the policy in accord-
ance with the allegations of the plea of the
plaintiff.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was submitted to the jury on special issues, which, with the answers, are as follows:

"Special issue No. 1: Did the one-story brick and cement composition building at 120–24 North Lancaster avenue in the city of Dallas, on or about the 8th day of June, 1925, suffer any direct loss or damage by tornado, windstorm, or cyclone? Answer yes or no. Answer: Yes.

"Special issue No. 2: State in dollars and cents the amount of such damage, if any? Answer: $5,000.

"Special issue No. 3: Did the rain falling upon the roof, and the accumulation thereof, cause or contribute to force the front of the building to give way and thereby cause, or contribute to cause, the injury to the building? Answer yes or no. Answer: No."

We agree with appellant in his statement:

"The question of greatest importance in this case is whether or not a policy of insurance taken out by an individual in his own name is a valid policy when the property is owned by a corporation of whose capital stock he owns 98 per cent."

[1] We adhere to what we held in Trott v. Flato, 244 S. W. 1085, that the owner of the capital stock of the corporation did not hold the title to corporate property.

[2, 3] But 'that is not the question here. The policy contains a provision that the interest insured is "the ownership interest of the assured." The policy did not require unconditional and sole ownership, but that any ownership interest of the assured is covered. Now, then, owning 98 per cent. of the capital stock in the company did not give him title thereto, but did give him an insurable interest in the property. Clearly a stockholder has an insurable interest in the corporate property ·such as he may insure for his protection against loss. In Rolater v. Rolater (Tex. Civ. App.) 198 S. W. 393, insurable interest is defined as follows:

"Adopting in substance the language of another, any one has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction, and the mere equitable title or other qualified property in the thing insured, though not the fee, may be protected by insurance in case the insured might suffer loss by the destruction of the subject-matter of the insurance." Phœnix v. Deavenport, 16 Tex. Civ. App. 283, 41 S. W. 399.

In Wailes v. Davies (C. C.) 158 F. 674, it is said:

"It has frequently been held. that a stockholder, merely as a stockholder in a corporation, has such an interest in the corporate property that he may take out a policy of insurance for the protection of that interest. This rule is based on the theory that the beneficial interest in the property of the corporation is in the stockholders." Warren v. Davenport, 31 Iowa, 464, 7 Am. Rep. 160.

[4, 5] This disposes of the material question in the case and the appellant's assignments in respect to the insurable interest, and the right to insure it, are overruled. The testimony of the witnesses L. A. Donald and L. R. Doughty, complained of, was not prejudicial or immaterial, but in compliance with the policy. Likewise the testimony of John E. Morris that the corporation paid the premium on. the policy was properly admitted. The sprinkler system was a part of the building and thereby covered by the insurance and the proof properly admitted.

[6] The testimony of the witness H. A. Overbeck as to the probability of the down spout being clogged was a mere opinion or conclusion of the witness. If an issue at all, based upon a conclusion, it was a matter for the jury.

[7, 8] The testimony· was properly admitted to show what it would cost to replace the property, as the terms of the policy required, and other facts sufficient to disclose the age and extent of repairs before the damage so that the jury could make proper deduction for depreciation. These were facts for the jury to pass on.

In regard to the sprinkler, it was an equipment consisting of a network of water pipes built into the building, designed automatically to extinguish incipient fires and ramifying to the utmost parts of the·building, was a part of the building. It is held in Still v. Connecticut Fire Ins. Co., 185 Mo. App. 557, 172 S. W. 627:

"Where the subject of the insurance is described as a 'building' the entire structure, though composed of several parts is included if the parts are so joined as to be used as one and devoted to the same common purpose."

We have very carefully examined appellant's brief, all assignments, and propositions. We think the case has been fairly tried and substantial justice done.

The judgment is affirmed.