## PACIFIC FIRE INS. CO. v. JOHN E. MORRIS CO. et al. (No. 1151–5112.)

Commission of Appeals of Texas, Section A. Jan. 23, 1929.

E. G. Senter, of Dallas, for plaintiff in error.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for defendants in error.

HARVEY, P. J. On June 8, 1925, the plaintiff in error issued to John E. Morris a tornado insurance policy, for the sum of $6,000, on a certain building described in the policy. While the policy was in force, the building was partially destroyed by a windstorm. In a suit brought on the policy, Morris recovered judgment against the plaintiff in error for the sum of $2,481.36. The Court of Civil Appeals affirmed that judgment. 1 S.W.(2d) 348. The case is here on writ of error.

The building in question was owned by the John E. Morris Company, a corporation. John E. Morris, the assured, owned 98 per cent. of the capital stock of said corporation. He had no interest in the building other than such as resulted from the fact of his ownership of shares of said capital stock. The policy contained the following provision:

"In the event of loss, this company shall not be liable under this policy beyond the sum or sums hereby insured, nor the cash value of the property at the time of the loss, nor (except as otherwise provided herein) the ownership interest of the assured therein."

The plaintiff in error contends that, under the above facts, it is not legally liable to Morris on account of the damage to the building, first, because the ownership by Morris of shares in the capital stock of the corporation did not invest him with an insurable interest in the building; and, second, that Morris had no "ownership interest" in the building, within the meaning of the above-quoted policy provision.

We are of opinion that both of these contentions must be overruled. While we recognize that a corporation is a distinct legal entity and holds the title to the corporate property, at the same time we believe that the stockholders have a qualified beneficial interest in said property. Granting that the mere ownership of stock in a functioning corporation may not invest the individual stockholder with any right respecting the corporate property, which rises to the dignity of title or which amounts to a direct interest in said property, he is nevertheless invested thereby with an indirect or collateral interest in the property. Harbor Co. v. Manning, 94 Tex. 562, 63 S. W. 627. This interest saves from the vice of wager a contract of insurance effected by him respecting the property. Morris, by virtue of his stock ownership, had an insurable interest in the building covered by the policy, and the contract was not in contravention of public policy as being a wagering contract. Warren v. Insurance Co., 31 Iowa, 464, 7 Am. Rep. 160.

We think, too, that the above-mentioned interest of Morris in the building was of such nature as to come within the import of the broad term "ownership interest," as used in the policy provision which has been quoted. True, this interest of Morris was a qualified one, and gave him individually no dominion over any portion of the property itself; but, as said by Chief Justice Gaines in the Texas case cited, "in its last analysis, the stockholders are the beneficial owners of the assets of the corporation."

We recommend that the judgment of the

trial court and that of the Court of Civil Appeals affirming same be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.