## FIDELITY & GUARANTY FIRE CORPORATION v. ORMAND.

### No. 7868.

Court of Civil Appeals of Texas. Austin.
July 19, 1933.

Rehearing Denied July 29, 1933.

Nat L. Hardy and T. M. West, both of San Antonio, for plaintiff in error.

Stanton Allen, of Bartlett, for defendant in error.

BLAIR, Justice.

The parties will be designated appellant and appellee.

Appellee sued appellant on its policy of insurance for $1,600, covering loss against fire of "all household and kitchen furniture and wearing apparel and personal property" of appellee located on the premises described, alleging that the same had been totally destroyed by fire; and upon the trial recovered judgment as prayed; hence this appeal.

Special issue No. 1, submitted to the jury, reads as follows: "From a preponderance of the testimony, what pecuniary loss or damage, if any, do you find was caused to the household furniture, wearing apparel and personal property of the plaintiff by reason of the fire, as testified to by the witnesses?"

In connection with the issue, the jury were instructed as follows: "In this connection you are instructed that the loss, if any, is the actual cash value of the property at the time of the fire, with proper deductions for depreciation, however caused, and in no event would it exceed what it would cost the insured to repair or replace the same with material of like kind and quality."

The court further instructed the jury as follows: "By the term 'actual cash value' as used in Special Issue No. 1, is meant: Its saleable, or cash value."

Appellant contends that the clause, "as testified to by the witnesses," as used in the issue, constituted a charge on the weight of the evidence. No objection was made to the charge upon this ground, and it cannot be urged for the first time on appeal. No doubt the trial court would have eliminated the clause if the objection here presented had been made to it.

Appellant next complains that the issue did not submit (1) the proper measure of damage; (2) that it failed to submit for consideration of the jury the amount of depreciation in value of the property destroyed, however caused; and (3) that the court failed upon appellant's request to properly define in connection with the issue the term "actual cash value."

The court submitted the measure of liability or damages provided for in the contract of insurance, which was that "the company shall not be liable beyond the actual cash value of the property at the time of the loss, with proper deductions for depreciation, however caused, and shall in no event exceed what it would cost the insured to repair or replace the same with material of like kind and quality." The measure of damages submitted was therefore proper, because it was the measure contracted for in the policy of insurance.

The instruction also required the jury to take into consideration the depreciation in value of the property destroyed by fire, however caused. The instruction quoted the terms of the policy in this regard, and suffi-

ciently instructed the jury to allow for depreciation in value of the property destroyed.

■ The definition given that the actual cash value of the property destroyed meant its saleable value or cash value has been approved by the courts of this state. Milwaukee Mechanics' Ins. Co. v. Frosch (Tex. Civ. App.) 130 S. W. 600.

■ The court did not err in refusing to give the requested instruction as to the burden of proof. The issue submitted required the jury to find "from a preponderance of the testimony" what loss or damages appellee suffered by the fire. This form and manner of placing the burden of proof has been approved by all the decisions of recent years. Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263, 265; Gattegno v. The Parisian (Tex. Com. App.) 53 S.W.(2d) 1005.

■ The court did not err in admitting in evidence an itemized list of the property claimed to have been destroyed by the fire, showing the value placed by appellee for each article, and sworn to by him. Such list was required to be furnished appellant under the terms of the policy. It filed a general denial, and appellee was therefore required to prove that he had complied with this provision of the insurance contract before he could recover. The record shows that the list was introduced solely for the purpose of showing that appellee had complied with this provision of insurance contract. It was admissible for that purpose.

■■ Appellant also contends that Mrs. Ormand was shown to be disqualified to testify as to the value of the property destroyed by the fire, and that her testimony should have been excluded. She testified that she knew its value, and knew what it would cost to replace the property destroyed by the fire and covered by the policy of insurance. She had been married for twenty-four years, during most of which time she kept a boarding house and operated a restaurant. She purchased all the household furnishings for her home and boarding house, and all wearing apparel for herself and family during her married life. She had been employed a part of the time in a dry goods store as clerk. She knew the price for which furniture, household goods, and wearing apparel were being sold at the time of the fire. She had for years managed the business of herself and husband. She made up the list of the property after the fire, and placed the value after each item as therein shown. She based her opinion as to the value of the property upon this long experience in purchasing property of the character destroyed by the fire, her business experience, and upon her knowledge of what she paid for the property destroyed, and her

knowledge of its use and the condition it was in just prior to the fire. She testified that she knew its value to herself and family at the time it was destroyed; and that the fair replacement value of the property was as stated by her in the itemized list furnished appellant after the fire. Clearly the witness was qualified to testify as to the value of the property destroyed. If such testimony should be declared to be inadmissible, then in many cases of loss of household goods and wearing apparel there could be no recovery. Her evidence as to the cost of replacement, as the terms of the policy required, and the other facts testified to by her with regard to the age, use, and condition of the property before the fire, are admissible upon the issue of depreciation. Pacific Fire Ins. Co. v. Morris Co. (Tex. Civ. App.) 1 S.W.(2d) 348, affirmed (Tex. Com. App.) 12 S.W.(2d) 971. It is also settled law that "an insured may testify as to the value of her household goods where she has shown that during twenty-two years as a housewife she had dealings in furniture and its value, and was acquainted with the reasonable value of furniture of the same character as hers at the time of the fire." 24 Tex. Jur. 1271, § 402; American Equitable Assurance Co. v. Martin (Tex. Civ. App.) 33 S.W.(2d) 287; Chicago Fire & Marine Ins. Co. v. Notre Dame Harkness (Tex. Civ. App.) 58 S.W.(2d) 171.

■ Appellant also contends that the verdict of the jury was without support in the evidence, and was so contrary to the great weight and preponderance of the evidence as to show passion or prejudice on the part of the jury. Mrs. Ormand's testimony alone will support the jury's verdict. The property was totally destroyed, and her testimony showed its value at the time and place of the fire, and its fair replacement value was $2,912.25 at that time. In addition, appellant's witness, a dealer in furniture, testified to items appearing on the list furnished by appellee to appellant after the fire, aggregating several hundred dollars at the time of the trial, and that their value was about 25 per cent. higher at the time of the fire.

■ The evidence sustains the finding of the jury that the fire which destroyed the property was of an incendiary origin; but it likewise sustains the additional findings of the jury that appellee did not burn the property; and that he did not connive with any person to burn it. The fact that the fire was of an incendiary origin and the fact that appellee may have benefited from the collection of the insurance on the property destroyed by the fire does not establish as a matter of law that appellee burned, or caused it to be burned. He denied that he burned or procured any one to burn it. The evidence shows that appellee was not the owner of the building in which the property was located; and

that the owner collected $3,300 insurance on his building because the fire in question totally destroyed it. A thorough investigation by local authorities and the state fire marshal did not reveal the origin of the fire.

We find no error requiring a reversal of the case, and the judgment of the trial court will be affirmed.

Affirmed.