**ST. PAUL FIRE & MARINE INS. CO. v. WESTMORELAND.**

No. 1333.

Court of Civil Appeals of Texas. Eastland.
Nov. 2, 1934.

Rehearing Denied Dec. 7, 1934.

Cox & Hayden, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

FUNDERBURK, Justice.

On November 3, 1931, at a time when a policy of fire insurance previously issued by

St. Paul Fire & Marine Insurance Company to W. G. Westmoreland was still in force, certain real and personal property covered by said policy, of the total value of $2,867.90, was wholly destroyed by fire. After proof of loss and agreed appraisement of the value of the property, the rights of both parties being protected by a nonwaiver agreement, this suit was brought by the insured to recover upon said policy. In addition to a general demurrer and general denial, the defendant alleged one of the provisions of the policy to be as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy." It was further alleged that without defendant's consent to other insurance, or waiver of said requirement, the provision was violated by the insured, in that "he procured other fire insurance on the same property in another fire insurance company, to-wit, the Hanover Fire Insurance Company of the city of New York, which Hanover policy was in force and effect at the time of the fire," etc.

The jury, to whom the case was submitted on special issues, found that: (1) H. M. Heyde was an adjuster for the St. Paul Fire & Marine Insurance Company on November 18, 1931; (2) that at the time Westmoreland made the application for the Hanover policy he and the agents of the Hanover Company agreed that the Hanover policy should not become effective until the expiration of the St. Paul Fire & Marine Insurance Company policy; (3) that Westmoreland did not know before the fire that the Hanover policy had been left at his residence; and (4) did not know before the fire that the Hanover policy had been issued; (5) that before the fire he did know that, if the Hanover policy was accepted by him, the St. Paul Fire & Marine Insurance Company policy would be invalidated; and (6) that the Hanover policy had not been accepted by Westmoreland before the fire: Upon this verdict the court, after overruling a motion of defendant to render judgment in its favor, notwithstanding the verdict, gave plaintiff judgment for the sum of $2,966.60, with interest at 6 per cent. per annum from February 1, 1932, costs, etc. The defendant has appealed.

■■ The court below viewed the evidence as raising an issue of fact as to whether the insured had violated the said policy provision against other insurance. Appellant contends that such violation, and consequent release of itself from liability, was established by the evidence conclusively as a matter of law. This is the first and principal question presented for our determination. We take it that, if the policy issued by the Hanover Company, on its face, provided that it was to be in force only from the expiration of appellant's policy, there would be as a matter of law no breach of the provision in question. The contract of insurance which the policy prohibited, while expressly not required to be valid, would undoubtedly have to be such that, if valid, would add to the total amount of insurance. That would not result if one policy became effective only at the termination of another. The provision prohibits other concurrent insurance. That means that the other insurance must have, at least, purported to operate "at the same time, upon the same property." East Texas Fire Ins. Co. v. Blum, 76 Tex. 653, at page 663, 13 S. W. 572, 576.

■■ There is no evidence as to the term of duration of the Hanover policy. The policy was not introduced in evidence. So far as the evidence shows, the term of duration may, or may not, have been limited to commence at the expiration of appellant's policy. There is no presumption that the insured did any act which would invalidate and defeat the purpose of both policies. If he did so, the burden of proof was upon appellant to establish that fact. There was some evidence, even apart from the testimony of the insured, that the Hanover policy was to be in force only after the expiration of the other policy. In the total absence of any evidence that the policy itself did not so provide, we certainly cannot say that it conclusively appears as a matter of law that it did not.

■ The strongest evidence, perhaps, to support the contention that the Hanover policy was in force at the time of the fire and before the expiration of the policy sued on, was that $350 was paid on the loss by the Hanover Insurance Company and a release given. The release, however, expressly recited that same "is not in any wise to be construed as an admission of liability upon the part of the said Hanover Fire Insurance Company." If, as there was testimony tending to show, the insured made no claim under the Hanover policy, but the insurance company, following some policy of its own, preferred to make a small payment and have a release, we do not think that conclusive effect can be given to that transaction as

evidence that the policy was in force. Especially is this so since the very release itself contained a disclaimer of liability.

■ Not only was there an issue of fact as to whether the Hanover policy, by its own terms, was concurrent with that of the appellant's policy, but we think there was also an issue of fact that, even though it was by its terms concurrent, it had never been so accepted and delivered for the purpose of making it effective. It may be conceded that there was some preponderance of the evidence to the contrary, yet it seems to us that the evidence was not so conclusive as to determine the issue as one of law.

■ Appellant urges a number of assignments of error relative to the action of the court in overruling objections to the special issues submitted. We have concluded that they are either without merit or present matters involving only harmless errors. Special issue No. 1, calling for a finding of whether H. M. Heyde was the adjuster for the St. Paul Fire & Marine Insurance Company, involved a fact fully established by the uncontroverted evidence. Its only materiality was to show that the agreed appraisement of the loss made by him and the plaintiff was admissible as proof of the amount of loss. The amount of loss recoverable under the policy was conclusively established, subject to the determination of the question of appellant's liability. Such is the plain provision of the agreed appraisement in evidence.

■ Special issues Nos. 2 and 6 were real issues made by the pleadings and the evidence. Special issue No. 2 called for a finding of whether the insurance provided for in the Hanover policy was in addition to, or concurrent with, that of appellant's policy. If it be conceded that appellant had the right to have that question determined solely from the provisions of the policies themselves, it appears such right was not insisted upon. No effort was made to confine proof of the terms of the policy to that expressed in the policy. In the absence of the Hanover policy in evidence, there was no means of determining that the terms of the policy were not in accordance with the agreement testified to by the insured. Special issue No. 6, wholly independent of issue No. 2, and presupposing the Hanover policy may by its terms have purported to be concurrent with the policy of appellant, sought a finding of whether the policy was ever accepted so as to become a contract. If it was only a proposed contract, never accepted, so as to make it in fact, a contract, it did not violate the provision in question. Home Ins. Co. v. Collins (Tex. Civ. App.) 55 S.W.(2d) 898; Commonwealth Ins. Co. v. Evans (Tex. Civ. App.) 42 S.W.(2d) 1088. It is believed that, although the provision in question applies to an invalid contract the same as a valid contract, it has no application to a transaction where the insured did not enter into the contractual relation at all. It may be admitted that special issues 3 to 5, inclusive, do call for findings of only evidentiary facts, and that same are not real issues. Since, however, the evidentiary facts so found were in accord with the issues also found, it seems to us to be thus affirmatively shown that no harm has resulted to appellant.

There was so certainly no error in the matters complained of regarding the admission of evidence when the questions of admissibility are tested, as they must be, by the particular objections urged, that we deem it unnecessary to do more than merely so state our conclusion.

■■ There are two errors in the judgment. The record does not support that provision of the judgment allowing interest from February 1, 1932. There was evidence that a proof of loss was made, but no evidence as to when it was made. There is no evidence to show just when the appellant repudiated its liability on the policy, if it did so prior to the filing of its original answer in the suit. The first evidence appearing in the record as to the time of such repudiation is when it filed its original answer, on May 13, 1933. The burden was upon the plaintiff to establish, not only the defendant's liability, but such facts as would enable the court to render judgment for the proper amount. We cannot agree with the proposition which seems to have been announced in Automobile Ins. Co. v. Buie (Tex. Civ. App.) 252 S. W. 295, that, in the absence of evidence as to when a proof of loss is made, it will be presumed to have been made at the time of the loss. Insured, under the terms of the policy, had 91 days in which to make his proof of loss. How then can it be presumed that he made it on the first day of that period any more than on the last day? The fact of when he made it, we think, is not a matter capable of being established by mere presumption. According to the terms of the policy, appellant was not in default until 60 days after the proof of loss was made, unless it repudiated its liability before that time. There being no evidence of when proof of loss was made, and no evidence that it repudiated its obligation until the time of filing its original answer on the date aforesaid, it

is our conclusion that this record will not justify recovery of interest, except from the date of filing said answer. People's Nat. Fire Ins. Co. v. Texarkana Nat. Bank (Tex. Civ. App.) 60 S.W.(2d) 254; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435.

The other error in the judgment is that the principal amount of the recovery awarded is $2,966.60, when the only evidence upon which any amount could be fixed, namely, the agreed appraisement, showed that the proper amount was $2,867.90.

We are therefore of the opinion that the judgment of the court below should be reformed so as to award the recovery of interest from May 13, 1933, instead of February 1, 1932, and to award as the principal amount of recovery $2,867.90, instead of $2,966.60, and that, as so reformed, the judgment of the court below should be affirmed, which is accordingly so ordered.