ST. PAUL FIRE AND MARINE INSURANCE COMPANY V. W. G. WESTMORELAND.

No. 6867. Decided May 26, 1937.
Rehearing overruled July 21, 1937.
(105 S. W., 2d Series, 203.)

*Cox & Hayden,* of Abilene, for plaintiff in error.

Plaintiff having taken out a policy of insurance with another company without the consent of the insurer while insurer's policy was in full force and effect and there being no provision in insurer's policy providing for coinsurance, he was not entitled to a judgment, as such act constituted a violation of the concurrent insurance clause in said policy, even though plaintiff thought at the time he took out the second policy that the first had expired. National Union Fire Insurance Co. v. Dorroh, 133 S. W. 475 (writ refused) ; Automobile Ins. Co. v. Buie, 252 S. W. 295; Home Ins. Co. v. Boatner, 218 S. W. 1097.

*Stinson, Hair, Brooks & Duke,* of Abilene, for defendant in error.

Where the evidence showed that insured was under the impression that the second policy was to take effect after the expiration of the first policy, and was so informed by the agent of second company, there was no violation of the total concurrent insurance clause. Commonwealth Ins. Co. v. Evans, 42 S. W. (2d) 1088 (writ. refused).

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Westmoreland, the insured, after trial before a jury in district court, recovered judgment against the St. Paul Fire and Marine Insurance Company, the insurer, for the sum of $2,-966.00, representing the value of two barns and certain personal property destroyed by fire. The Court of Civil Appeals affirmed the trial court's judgment after reforming it so as to reduce the principal amount of recovery to $2,867.90 and to award interest from May 13, 1933, instead of from February 1, 1932. 77 S. W. (2d) 265.

The defense specially pleaded by the insurer was based upon the following provision of the policy:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;"

The answer alleged that this provision was not waived by indorsement on the policy and that it was breached by the insured, in that, without the knowledge of the insurer the insured procured other insurance on the same property in The Hanover Fire Insurance Company of the City of New York, which policy was in force and effect at the time of the fire.

In answer to special issues the jury found: that when Westmoreland made application for the Hanover policy he and the agents of that company agreed that the Hanover policy should not become effective until the expiration of the St. Paul Fire and Marine Insurance Company policy; that Westmoreland did not know before the fire that the Hanover policy had been left at his residence; that he did not know before the fire that the Hanover policy had been issued; that he did not know that acceptance of the Hanover policy would invalidate the St. Paul policy; and that the Hanover policy had not been accepted by Westmoreland before the fire.

The defendant's objections to these issues, that they are evi-

dentiary and not ultimate issues and that they could not constitute the basis of any judgment are, we think, as to most of the issues at least, well taken. But whether such issues are regarded as ultimate issues or merely evidentiary, they do not relate to the plaintiff's ground of recovery. All of them relate to the defense specially pleaded, that is, that the policy issued by the defendant was avoided by the procuring of the contract of insurance in the Hanover Company. The facts found by the jury do not establish, or tend to establish, that defense; they tend to deny it.

■ The plaintiff, the insured, proved his case by the policy issued by the defendant, by evidence that part of the property described in the policy was destroyed by fire during the term of the insurance and that proof of loss was made, and by the agreement between the plaintiff and the insurer's adjuster as to the value of the property destroyed. It was then incumbent upon the insurer to establish the defense upon which it relied. This defense, the breach of a provision of a policy avoiding it on account of the procuring of additional insurance without the consent of the first insurer, is a legal and complete defense, but it is in avoidance or in forfeiture of the policy and must be established by the insurer. Dumphy v. Commercial Union Assurance Co., 107 Texas 107, 174 S. W. 814; Boatner v. Home Insurance Co., (Com. App.) 239 S. W. 928; Automobile Insurance Co. v. Teague, (Com. App.) 37 S. W. (2d) 151; British American Assurance Co. v. Mid-Continent Life Insurance Co., (Com. App.) 37 S. W. (2d) 742; Home Insurance Co. v. Collins, 55 S. W. (2d) 898 (application for writ of error refused).

The second policy, that issued by the Hanover Company, was not offered in evidence and no witness testified as to the details of its provisions or terms. The evidence indicates that a written application for the policy was signed by Westmoreland but no evidence was offered as to the contents of the application. The St. Paul Fire and Marine Insurance Company policy was for a term of five years beginning December 14, 1926. The fire occurred November 3, 1931.

Defendant in error Westmoreland testified with respect to the Hanover policy in substance as follows: J. W. Smart, a general agent of the Hanover Company, accompanied by W. A. Brown, came to see him in September, 1931, and solicited an application for fire insurance. He told Smart that he had in the vault of the bank in town a policy of insurance on the property which he thought had expired, but that he did not want two policies on the same property, knowing that the procuring of additional insurance without consent would avoid both policies,

and that he thought it best to go to town and look at the existing policy before applying for another. Mr. Smart told him that he would write the new policy "subject to the other," that he could "write this up to take effect when the other is out." Whereupon he told Smart to write the policy, executed his note in payment for the premium, and signed an application with the understanding that the second policy was to take effect in case the St. Paul policy was out. Westmoreland did not know that the policy in the Hanover Company had been written or delivered until after the fire, when his wife gave him the policy, telling him Mr. Brown had delivered it at his home. The two policies covered the same property except that the Hanover policy included also a tractor that Westmoreland acquired after the first policy was issued. Westmoreland signed a proof of loss prepared by an agent of the Hanover Company and, upon payment to him of $350.00 for the loss of the tractor, executed a full release and surrendered the policy. He made no claim against the Hanover Company for the loss of any property other than the tractor.

W. A. Brown gave substantially the same testimony as that given by Westmoreland as to the conversation between Smart (who was dead at the time of the trial) and Westmoreland when the application for the policy in the Hanover Company was signed. He further testified that he delivered the Hanover policy to Mrs. Westmoreland at her home in Westmoreland's absence a few days before the fire.

The testimony of W. C. Russell of the F & M Bank where Westmoreland had the box in the vault, although somewhat vague, indicates that Westmoreland at some time before the fire brought the Hanover policy to him to be placed in the box and that he delivered that policy as well as the St. Paul policy to Westmoreland after the fire. He did not testify as to any of the terms or provisions of the Hanover policy. There is no testimony of any witness giving the date when the Hanover policy became effective or the date when it expired.

Plaintiff in error introduced two affidavits; substantially identical in language, made by Westmoreland a few days after the fire. They were made before the banker Russell and were read by him to Westmoreland. In only two important particulars do the statements contained in the affidavits differ from Westmoreland's testimony given on the trial. He stated in the affidavits that the Hanover policy was delivered to him at the farm and by him taken to Russell to be placed in the box in the bank; and the affidavits do not contain the statement made by Smart that he would write the new policy subject to the other and that the new policy would take effect when the other expired. The

affidavits are so written as to indicate that the additional insurance was procured by Westmoreland under the mistaken belief that the first policy had expired. There was no indorsement on the St. Paul policy of the insurer's consent to additional insurance, and the St. Paul Company's agent did not know that the Hanover policy was applied for or issued.

The foregoing is a statement of all of the evidence with respect to the Hanover policy.

■ Plaintiff in error insists that the evidence conclusively proves a violation by Westmoreland of the provision against additional insurance and that its motion for a peremptory instruction should have been sustained. We agree with the conclusion expressed by Justice FUNDERBURK in the opinion of the Court of Civil Appeals that it does not conclusively appear from the evidence that the Hanover policy was concurrent in the term of its duration with the St. Paul policy. Certainly the provision against additional insurance is not violated by the procuring of another policy which does not become effective until the expiration of the first policy. East Texas Fire Insurance Co. v. Blum, 76 Texas 653, .663, 13 S. W. (2d) 572. It could reasonably be inferred from the affidavits made by Westmoreland and from the fact that he collected from the Hanover Company $350.00 for the tractor insured by the second policy that there was a concurrence in the terms of the two policies. But, from the testimony of Westmoreland and Brown, that the agent who took the application for the Hanover policy agreed that the policy would be so written as to take effect upon the expiration of the St. Paul policy, it may fairly be inferred that the .second policy in so far as it covered the property insured by the first was written in accordance with the agent's agreement, that is, to take effect upon the expiration of the first policy.

■ Thus an issue of fact was made by the evidence as to whether the second policy was concurrent in its term with the first. The second question submitted to the jury, whether Westmoreland and the agent of the Hanover Company agreed that the second policy should not become effective until the expiration of the St. Paul policy, was subject to the objection made by plaintiff in error that it was evidentiary, and was not a proper submission of the issue made by the evidence. When that evidentiary issue and the other submitted issues to which objections were made are disregarded, the state of the record is that the trial court did not submit the issue made by the pleadings, the question whether the second policy was concurrent in its term with the first, that no request was made for the submission of that

issue, and that plaintiff in error did not object to the court's charge for failure to submit it. Such being the record and the burden being upon plaintiff in error to establish the fact that the additional insurance was in effect at the same time and upon the same property, the failure of the court to submit the issue may not be deemed a ground for reversal. Article 2190, Revised Civil Statutes of 1925, as amended by Acts Regular Session, 42d Legislature, Chapter 78; Ormsby v. Ratcliffe, 117 Texas 242, 246, 1 S. W. (2d) 1084; Wichita Falls & Southern Railway Co. v. Holbrook, 125 Texas 184, 186, 78 S. W. (2d) 938.

The Court of Civil Appeals made correct disposition of the other questions presented in the application for writ of error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 26, 1937.

Rehearing overruled July 21, 1937.