**DUBUQUE FIRE & MARINE INS. CO. v. REYNOLDS CO., Inc., et al.**

No. 9887.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1942.

Rehearing Denied June 30, 1942.

Newton Gresham, of Houston, Tex., for appellant.

K. W. Denman, of Lufkin, Tex., and Austin Y. Bryan, Jr., of Houston, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Reynolds Company, Inc., a Texas corporation, owns and operates retail variety stores located in Texas and Louisiana. Between April 22 and November 26, 1939, Dubuque Fire & Marine Insurance Company issued four policies of fire insurance aggregating $7,200 and covering the merchandise and fixtures of the Reynolds store lo-

cated at Goose Creek, Texas. Each policy was for a term of one year, and was written on the Texas standard form which contained a provision that the policy was to be void "if the insured now has or shall hereafter make any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." A special form attached to each policy contained this further provision: "It is understood and agreed that no other fire insurance is permitted, unless the total amount allowed, including this Policy, is entered in blank space in paragraph next above."

In September, 1939, Reynolds Company secured a blanket policy of fire insurance for all its stores from the Home Insurance Company of New York. Home Insurance Company was fully advised of the Dubuque coverage of the store in Goose Creek, and accordingly it was understood and agreed by the contracting parties that as to the Goose Creek store the Home policy would only operate as monthly reporting form "excess insurance" until after the expiration of the outstanding Dubuque policies. Applicable to the situation existing at the Goose Creek store, the Home policy provided that it would "not attach to or become insurance against any hazard upon property" until the specific insurance had become exhausted, and that it would then operate to "cover only such loss or damage as may exceed the amount due from such specific insurance." Dubuque was not advised of the issuance of the Home policy.

On January 6, 1940, the Goose Creek store was damaged by fire, and Reynolds Company sustained a loss of $4,483. At the time of the fire the value of the merchandise and fixtures at the store did not exceed $7,200, the aggregate amount of the Dubuque policies. Both the Dubuque and Home insurance companies refused to indemnify Reynolds Company for its loss, and suit was thereupon brought against them. After a trial without a jury, the court made findings of fact and conclusions of law, and entered judgment against Dubuque for the full amount of the loss and exonerated Home Insurance Company from liability.

It is without dispute that the Dubuque policies were for specific insurance on the merchandise and fixtures at the Goose Creek store; that the Home policy was a floating policy for "excess insurance" at this location; and that before any liability would accrue under the Home policy, the Dubuque policies of specific insurance, if valid and subsisting, would have to be exhausted. Decision of this appeal turns, therefore, upon the question of whether or not the "excess insurance" coverage for the Goose Creek store provided by the Home policy constituted "other insurance" within the inhibition of the forfeiture provision of the appellant's policies.

■■■ Clauses forbidding other concurrent insurance are not uncommon in fire insurance policies; and the validity of the "other insurance" provision of the Texas standard form policy is not questioned. Such provisions must be construed, interpreted, and applied according to their terms and obvious import. The well-known and evident purpose of such "other insurance" conditions in policies is to avoid and guard against the moral hazards and attendant temptations to fraud which might be reasonably expected to arise out of the existence of undisclosed concurrent policies of insurance having identity of scope and of subject matter. The thing sought to be prevented is double, concurrent, or over-insurance upon the same property, at the same time, and against the same risk—a situation in which a fire might be profitable to the insured. Couch Encyclopedia of Insurance Law, § 1041; 24 Tex.Jur. p. 1011, § 222; Boatner v. Providence-Washington Ins. Co., Tex.Com.App., 241 S.W. 136; British-American Assurance Co. v. Mid-Continent Life Ins. Co., Tex.Com.App., 37 S.W.2d 742.

■ The value of the fixtures and stock on hand at the Goose Creek store fluctuated from month to month. The Home policy was so written as to take care of periods, if any, when the value of the merchandise and fixtures exceeded the specific coverage of the Dubuque policies. It did not constitute concurrent "other insurance" upon the same property covered by the Dubuque policies, for it only took hold and commenced to cover where the Dubuque policies left off. In no event could Reynolds Company recover more than its actual loss, for the Home policy was in no sense double or concurrent insurance; it was merely floating or surplus insurance which was to operate as coverage only for the difference, if any, between the limit of Dubuque's specific insurance, and the limit of the actual value of the property at the Goose Creek store. At the time of the fire the value of the property and the extent of the loss was well within the aggregate coverage of the

Dubuque policies. There was no surplus or excess value to be covered or taken care of, and the Home policy was, as one court has so aptly expressed it, in a condition of "innocuous inertia". Wilson & Co. v. Hartford Fire Ins. Co., 300 Mo. 1, 254 S.W. 266, 283.

Within the meaning of the "other insurance" clause of appellant's policies there was no double or other insurance upon the property covered by its policies, and the Dubuque policies were not voided, but were in full force and effect as specific insurance at the time of the fire. Cf. St. Paul Fire & Marine Ins. Co. v. Westmoreland, Tex.Civ.App., 77 S.W.2d 265; Id., 130 Tex. 65, 105 S.W.2d 203; Commercial Casualty Ins. Co. v. Hartford Accident & Indemnity Co., 190 Minn. 528, 252 N.W. 434, 253 N.W. 888; Wilson & Co. v. Hartford Fire Ins. Co., 200 Mo. 1, 254 S.W. 266; Continental Casualty Co. v. Curtis Publishing Co., 3 Cir., 94 F.2d 710; St. Paul F. & M. Ins. Co. v. Garza County Warehouse & M. Ass'n, 5 Cir., 93 F.2d 590; Pearl Assurance Co. v. Hartford Fire Ins. Co., 239 Ala. 515, 195 So. 747.

The trial court correctly entered judgment for the full amount of the loss against Dubuque Fire & Marine Insurance Company.

The judgment is affirmed.

HUTCHESON, Circuit Judge (dissenting).

If I could accept the premises of the majority opinion, that the Dubuque policy prohibited not "other" but "other concurrent" insurance and that the Home policy did not take hold of and cover the same property the Dubuque policies insured, I should of course accept its conclusion that the Home policy was not "other insurance" upon the property covered by the Dubuque policies. The first insuperable difficulty, as it seems to me in the way of acceptance of these premises and the conclusion drawn from them, is the fact that, contrary to the assumption of the majority opinion that the Home policy was not on the property covered by the Dubuque policies but on an excess value over and above their coverage, the Home policy does not read this way but on the contrary it expressly covers the same property the Dubuque policies insure.[1]

The excess clause of which so much is made does not I think at all prevent the policy from attaching to the property in question here. It merely in terms provides that it shall be additional insurance to any other insurance already on the property and as such additional insurance, the insurer will not look to it until the other insurance on that property is first exhausted, and the fact remains that the identical property is covered by the two policies together to the full extent of its value. This, the provisional amount[2] clause and the full reporting[3] clause of the Home policy makes very clear.

The second is that the Dubuque policy clause invoked here[4] as releasing Dubuque from liability under its policy, does not as the majority opinion assumes, prohibit other "concurrent" insurance. It flatly prohibits "any other contract of insurance

---

[1] On the point material here the Home policy provides: "The Home Insurance Company, New York * * * does insure Reynolds Company, Inc., their legal representatives to the extent of the actual cash value of the property at the time of loss and damage * * * to an amount not exceeding as per limits on form * * * this policy insures Reynolds Company, Inc., (1) $37,125 on goods, wares and merchandise consisting principally of stock, to the property of the insured to include store, office and warehouse, furniture and fixtures, and etc. * * * (5) lists and locations and limits * * * Locations .......... 100% limits
  Goose Creek, Texas
  106 West Texas Avenue...... $7600.
[2] "The amount of insurance provided for hereunder is provisional and is the amount on which the deposit premium is based, it being the intent of this insurance to insure hereunder the total value of the property described herein subject to the limits of liability and provisions for other insurance herein provided."

[3] "Liability under this policy shall not in any case exceed that proportion of any loss hereunder, which the last reported value less the value insured by reported specific insurance, if any, at the location, where any loss occurs bears to the actual value less the value insured by specific insurance, if any, at that location at the time of such report."

[4] "Subject to Article 4890, Revised Statutes of Texas, this entire policy, unless otherwise provided by agreement endorsed or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

* * * on property covered in whole or in part by this policy" without regard to its kind.

In the face of this provision making definite prohibition against any other contract of insurance on the property and of the admitted fact that the Home policy, "though excess", is on the same property, the majority·view that the Home Insurance on the very property covered by the Dubuque policies, the building stock, furniture and fixtures, at No. 106 West Texas Avenue, Goose Creek, Texas, is not another contract of insurance, seems to me wholly untenable and I respectfully dissent.