**FORT WORTH LLOYDS, Appellant,**

v.

**J. P. HALE et ux., Appellees.**

No. 7630.

Court of Civil Appeals of Texas.

Amarillo.

June 27, 1966.

Rehearing Denied July 25, 1966.

Crenshaw, Dupree & Milam Lubbock, for appellant.

Saleh & Saleh, Lamesa, for appellees.

DENTON, Chief Justice.

This is a suit by J. P. Hale and wife Beulah Hale to recover against Fort Worth Lloyds for the loss of merchandise and fixtures under the provisions of two fire insurance policies. The trial court, with a jury, entered judgment for the plaintiff below and the defendant insurance carrier has perfected this appeal.

Appellees were the owners of a variety store in O'Donnell, Texas. It is undisputed the two fire insurance policies issued by appellant were in full force and effect on February 2, 1964, the date of the fire; that the two policies provided combined coverage of losses not to exceed $31,000.00; that appellees' fixtures and stock of merchandise were totally destroyed by the fire; that the insurance company was timely and properly notified of the loss; that appellant's agent investigated and inspected the premises after the fire; and that appellant failed and refused to pay appellees any sum under the policies. The principal dispute between the parties is the value of the destroyed merchandise and fixtures. In response to the only special issue submitted, the jury found the actual cash value of the merchandise and fixtures in the building at the time of the fire was $31,000.00. The trial court entered judg-ment for appellees in accordance with this finding.

Appellant's first three points of error complain of the admission into evidence of appellees' four income tax returns for the years 1961 through 1964; and testimony that such returns were checked, examined, and audited by the Internal Revenue Service. Appellees offered the income tax returns into evidence for the purposes of showing the value of the inventory of merchandise at the end of the four calendar years. The burden was upon the assured to prove the value of the merchandise at the time of the loss. Appellees' tax returns, properly identified, reflected appellees' gross profit realized from the variety store. Cost of the goods sold, which would be the value of the merchandise lost by the fire, was determined by figuring the costs of the merchandise. To determine this amount, the beginning and closing inventory values were used. The income tax returns introduced into evidence reflected these inventories. The fire occurred some thirty-three days after the end of 1963, appellees' fiscal year. Appellees' accountant projected the inventory from December 31, 1963 to February 2, 1964 to determine an inventory at the time of the fire.

As a general rule, income tax returns are not wholly privileged documents, but are subject to discovery to the extent of relevancy and materiality which must be shown. Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434. Maresca v. Marks (Sup. Crt.) 362 S.W.2d 299. Martin v. Jenkins, Tex.Civ.App., 381 S.W.2d 115 (Ref. N. R.E.). The inventories shown in the income tax returns were a relevant and material element of proof to establish the value of the lost merchandise. The fact the tax returns were offered by appellees themselves, in our opinion, does not take their admissibility out of the scope of the general rule that tax returns are subject to discovery. Appellant urges there is a great difference between a determination

as to whether an instrument or information is subject to discovery, and a determination as to whether an instrument or information is admissible in evidence in a trial of the case. We think the difference is more imaginary than real. We are not to be understood to be holding the tax returns here are admissible under the discovery rule. We do hold they are admissible, when offered by the taxpayer himself, to prove a relevant and material issue in the case. Appellant further urges that statements by Mrs. Hale and their accountant that the tax returns had been "checked", "examined", "audited" by the Internal Revenue Service were improper and prejudicial. Objections to the testimony that the tax returns were "audited" or "approved" by the Federal Government were sustained by the trial court. Mrs. Hale and the accountant, who prepared the returns, were permitted to testify the returns were checked and examined by the Internal Revenue Service from their own personal knowledge.

■ In support of its position appellant relies principally upon Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806 and Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210. The *Cloud* case was a suit for personal injuries sustained when plaintiff's automobile overturned as it entered a detour road constructed by the defendant. The Supreme Court held it was error to admit evidence that warning signs and flares maintained by the defendant met with the approval of the State Highway Department, and pleadings and direct testimony by the Highway Department's District Engineer concerning its approval of the signs and flares. However, the Supreme Court held this was not a reversible error in view of adequate evidence to support findings of contributory negligence on the part of the plaintiff. The court concluded the admission of erroneous evidence was not calculated and probably did not cause the jury to give the answers it did on the issues which support the judgment entered. The *Cloud* case does not give support to appellant's contention.

There were no pleadings nor direct evidence that the inventory values found in appellees' tax returns were approved, checked or examined by the Internal Revenue Service. The returns were examined and audited. There was additional evidence in the present case to support the jury finding as to value. "Inventory books" reflecting a sight inventory of the merchandise taken about December 31, 1963 was introduced into evidence. The accountant also determined the inventory value by the accounting methods previously mentioned. The results of these three methods of determining the inventories were substantially the same.

The *Pittman* case is not in point. That case, also a personal injury case, involved the question of whether a truck involved in the collision crossed the center line of the highway at the scene of the collision. The court there held the admission of testimony that most similar trucks which the witness had observed approaching the collision scene went across the center line, was reversible error. The court rejected the harmless error rule on the grounds it was a vital issue in the case, and the evidence introduced by both parties on the issue was fairly balanced. The evidence of the value of the merchandise was a vital question in this case, but the evidence of values placed on the merchandise by appellant's witnesses was not sufficiently persuasive to make Rule 434, Texas Rules of Civil Procedure, inapplicable here. We conclude, as did the court in the *Cloud* case, that the admission of appellees' income tax returns and the testimony pertaining thereto, under this record, was not reasonably calculated to and probably did not cause the rendition of an improper judgment.

■ The appellant next contends the trial court erred in refusing to submit the requested special issues inquiring if appellees concealed from appellant a portion of their inventory records; and if so, was such concealment a material part of the

records to establish the actual cash value of the merchandise lost. This contention is based on the fact only three of the four "Inventory books" were placed at the disposal of appellant's agent prior to the trial. Mrs. Hale's deposition was taken on August 3, 1965, ten days before the trial began. She was asked "Where are these figures, these inventory sheets, these schedules of inventory;". She answered "We have just part of them", and that the "rest of them * * * were destroyed in the fire". No specific reference was made to the "inventory books". It is conceded three of the inventory books were turned over to appellant's representative prior to the trial along with their bank statements, cancelled checks and income tax returns, which were introduced into evidence in the trial. She testified the fourth inventory book was found when the debris from the fire was cleared, and that some of the inventory sheets were destroyed by the fire. This book was turned over to appellant's agent during the trial and he had it in his possession during a 14-day recess called during the trial. There is no evidence to show when the fourth book was found, but that prior to the trial it had been turned over to appellees' attorney. If it can be said concealment was an affirmative defense it was not pleaded. Rule 279, T.R. C.P. In our opinion the evidence does not raise the issue of concealment. The trial court properly refused to submit the requested issues. Alvey v. Goforth, Tex.Civ. App., 263 S.W.2d 313; refused on other grounds 153 Tex. 449, 271 S.W.2d 404.

■ Appellant next contends there is no evidence and insufficient evidence to support the jury finding that the actual cash value of the merchandise and fixtures at the time of the fire was $31,000.00. In reviewing these points of error, we must examine the record in accordance with the well-settled rules set out in In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660. In passing upon the law question of no evidence, we must consider only the evidence favorable to the issue and disregard all evi-

dence to the contrary. As previously stated, appellee attempted to prove the value of the merchandise by several means: inventories shown in four consecutive income tax returns filed prior to the fire; inventory books taken by sight count; and bank statements and deposits showing cost of merchandise. These instruments and documents were properly identified and authenticated. The wholesale value of the inventory taken from their inventory books was determined by taking 70% of the retail value, which represented the mark-up or sales price above the cost of the goods. The wholesale value was shown in all three methods used and each figure amounted to within a few hundred dollars of each other. The physical count of merchandise as of December 31, 1963 showed a retail price of $49,685.77. The wholesale or cost price was obtained by dividing that amount by 170, representing the 70% mark-up, which amounted to $29,226.96. The accountant, by his accounting methods determined the December, 1963 inventory to be $28,789.50 and his projected inventory on the date of the fire was $27,780.22. None of these inventory figures included the value of the store fixtures. Some of these fixtures, which were totally destroyed, were purchased in 1959 for $15,000.00. These fixtures appeared on the depreciation schedule of the 1963 tax return at a depreciated value as of December 31, 1963 of $4,199.49. We therefore conclude there was probative evidence to support the jury finding.

In reviewing all of the evidence, there was testimony from two witnesses produced by the appellant that the value of the merchandise was considerably less than that shown by appellees. Mr. Roberts, an expert witness, made an inspection for insurance purposes of appellees' store in November, 1963. He testified the value of merchandise and fixtures at that time would not exceed $12,000.00. He did not count the merchandise nor inspect the records of appellees nor make drawings or pictures of the store. In fact he testified his inspection required approximately fifteen minutes.

Mr. Crews, an officer and representative of appellant company, inspected the fire and examined various records of appellees. From this inspection and investigation the value of the lost merchandise and fixtures he estimated the value to be $20,000.00. When all the evidence is considered, we are of the opinion the jury finding is not contrary to the great weight and preponderance of the evidence.

■ Appellant contends it was error in awarding interest on the judgment from June 24, 1964. Their position is there was no evidence appellee made a proof of loss or the date when it was made. In response to Requests for Admission, appellant admitted it was "timely and properly notified" of appellees' loss by fire which occurred on or about February 2, 1964; and that it made an extensive investigation of the fire. Thus it is conceded proof of loss or notice of the loss was made, but there is no evidence when such notice was given. However, appellant filed its original answer on June 24, 1964 and expressly denied liability on the insurance policy. Interest begins to run from the date the loss should have been paid. Where the insuror denies liability, and the assured establishes the insuror's liability, interest will begin from the date of the denial of liability. Crutchfield v. St. Paul Fire & Marine Insurance Co., Tex.Civ.App., 306 S.W.2d 948. Alamo Casualty Co. v. Laird, Tex.Civ.App., 229 S.W.2d 214 (Ref. N.R.E.) St. Paul Fire & Marine Insurance Co. v. Westmoreland, Tex.Civ.App., 77 S.W.2d 265, affirmed 130 Tex. 65, 105 S.W.2d 203. The trial court correctly awarded interest from June 24, 1964, the date appellant denied liability.

■ Appellant complains of the language of the special issue submitted and its accompanying instruction. The jury was asked to determine "the actual cash value" of the merchandise and equipment at the time of the fire. The instruction defined "actual cash value" as "the actual cash value of the property at the time of the loss by fire, with proper deduction for de-

preciation, and which in no event shall exceed what it would cost to repair or replace the same with material of like kind and quality". Appellant says the court did not properly place the burden upon appellees to prove the actual cash value by preponderance of the evidence; and complains of the court's failure to instruct the jury the actual cash value referred to wholesale prices and replacement costs and not to retail prices. We overrule appellant's contention. It is noted the special issue was prefaced with the phrase, "what do you find from a preponderance of the evidence". This form of special issue properly placed the burden of proof upon appellee. Fidelity & Guaranty Fire Corporation v. Ormand, Tex.Civ.App., 62 S.W.2d 675 (Writ Dis.). Seinsheimer v. Burkhart, Tex.Civ. App., 93 S.W.2d 1231, affirmed 132 Tex. 336, 122 S.W.2d 1063. Imperial Underwriters v. Dillard, Tex.Civ.App., 146 S.W. 2d 1105 (Writ Ref.). The court's instruction was given in almost the exact language of the policy and was proper. Fidelity & Guaranty Fire Corporation v. Ormand (Supra); Crombie & Company v. Employers Fire Insurance Co. of Boston, Tex.Civ. App., 250 S.W.2d 472 Ref. N.R.E.). All evidence presented pertaining to the value of the merchandise was on a wholesale or cost basis. No retail prices were used except when those prices were divided by 170 to determine the cost price by taking into account the store's 70% mark-up. There could be no confusion in this regard in the minds of the jury.

■ Lastly, appellant claims error when the trial court permitted appellees' attorney, over its objection, to question appellant's representative in regard to premiums charged on the insurance policies sued upon here and a comparison to those rates charged upon policies cancelled by another insurance company. Copies of portions of the cancelled policies containing the rates, were introduced into evidence by appellant, and those rates along with the rates of the policies sued upon were in evidence. This testimony was not material,

but we cannot say its admission was prejudicial to appellant and does not reflect reversible error.

All points of error are overruled and the judgment of the trial court is affirmed.