**COMMERCIAL UNION INS. CO. OF AMERICA, Appellant,**

v.

**STANMIKE INVESTMENT CO., Inc., et al., Appellees.**

**No. 5054.**

Court of Civil Appeals of Texas, Waco.

Dec. 16, 1971.

On Remittitur Dec. 30, 1971.

Rehearing Denied Jan. 13, 1972.

Thompson, Coe, Cousins, Irons & Porter,
Larry L. Gollaher, Dallas, for appellant.

Fillmore, Lambert, Farabee & Purtle,
David Smith Wichita Falls, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Insurance Company from judgment of $35,000 in favor of appellees Stanmike, et al., the insureds, under a fire insurance policy, written by appellant on appellee's building.

Appellees plead they were owners of a three story brick building in Vernon, Texas; that Appellant issued its fire insurance policy on such property for $35,000; that such policy was in full force and effect; that such property burned down on July 6, 1969; and prayed for judgment for $35,000. Appellees plead the building was vacant for more than 30 days prior to the fire; and was in process of having the top two stories demolished at the time of the fire, which constituted an increase in hazard within the meaning of the policy for which reason there was no liability under the policy. Appellant further plead it had paid Appellees $2953 for a storm loss about May 6, which loss was not repaired prior to the fire, and plead for such $2953 as credit on any judgment rendered.

Trial was to a jury which found:

1) The building was not vacant for more than 30 consecutive days before the fire on July 6, 1969.

2) Before the fire, the physical alteration of the building by the owners, did not increase any fire hazard, which was usual and incidental to a building occupied for furniture storage and a barber shop.

3) Before the fire, the agents and representatives of appellant Insurance Company had knowledge of the building alteration activities on the building.

4) After acquiring such knowledge the agents and representatives of appellant Insurance Company took no action with

regard to any change of fire insurance provisions regarding the building.

7) As a result of the fire on July 6, 1969, the building was a total loss.

8) The reasonable cash market value of the building immediately before the fire on July 6, 1969 was $35,000.

9) The reasonable cash market value of the building after the fire was "zero".

10) Cost of replacement of the building after the fire to its condition before the fire was $80,000.

The trial court rendered judgment on the verdict for Appellee for $35,000 (plus 6% interest from March 24, 1970).

Appellant Insurance Company appeals on 8 points asserting:

1) The trial court erred in not rendering judgment for appellant, non obstante veredicto, since the demolition of the building constituted an increase in hazard as a matter of law.

2) The trial court erred in not rendering judgment for Appellant, non obstante veredicto, because appellee failed to prove the amount of their loss by any competent evidence.

3) The jury's answer to Issue 2 is against the great weight and preponderance of the evidence and is manifestly unjust.

4) There is insufficient evidence to support the jury's answer to Issue 8.

5) The trial court erred in refusing to allow witness Roper to testify that demolition of the building was an increase in hazard or risk.

Appellee's building was a three story hotel building which had been insured for $35,000 by appellant and others for twelve years. The first floor of the building was used as a furniture storage warehouse, but its occupancy was shared at times by a restaurant, a welfare office, or a barbershop. The upper floors had become dilapidated. In May 1969 wind and rain damaged the roof of the building for which appellant paid appellee $2953. Appellees decided not to repair the roof but alter the three story structure to a single story building with 20 foot ceiling, which would give a better storage area, make a safer and more secure building, and one which would be less risk from fire. While this alteration was in progress, fire of unknown origin destroyed the building.

Appellant had advance knowledge of the building alteration and took no action with reference to its fire insurance policy.

Appellant's contention 1) asserts the demolition work in progress constituted an increase in hazard as a matter of law; and contention 3) asserts the jury's finding 2) that the physical alterations of the building did not increase the fire hazard, is against the great weight and preponderance of the evidence.

The policy provides: "Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring * * * while the hazard is increased by any means within the knowledge and control of the insured, provided such increase in hazard is not usual and incidental to the occupancy as herein described * * *".

The foregoing provision is not an exclusion but is a condition subsequent which avoids liability. The burden is on the insurer to plead, prove, and establish the occurrence of the condition, in order to avoid payment for loss. Knoff v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., NWH, 447 S.W.2d 497; St. Paul Fire & Marine Ins. Co. v. Westmoreland, 130 Tex. 65, 105 S.W.2d 203; Dixie Fire Ins. Co. v. Henson, Tex.Com.App., 285 S.W. 265.

The demolition work under this record could not as a matter of law constitute an increase in hazard; and from the record as a whole, we think the jury's answer to Issue 2 not against the great weight and preponderance of the evidence.

Moreover the policy itself insures materials for making "alterations, extensions

and repairs" to the building, thus contemplating that alterations may from time to time be made to the building.

Contentions 1) and 3) are overruled.

Contention 2 asserts the trial court erred in not rendering judgment non obstante for appellant because appellee failed to prove the amount of loss; and contention 4) asserts the evidence is insufficient to support the jury's answer to Issue 8 finding the value of the building before the fire to be $35,000.

It is undisputed that the building was totally destroyed by fire, and no complaint is made of jury finding 7) which found the building was a total loss.

The policy issued by Appellant was a "valued policy of insurance". Article 6.13 Texas Insurance Code, V.A.T.S., provides: "Policy a Liquidated Demand. A fire insurance policy, in case of total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy."

Contentions 2) and 4) are overruled.

Contention 5) asserts the trial court erred in not permitting witness Roper to testify that demolition of the building was an increase in hazard or risk.

The witness Roper was permitted to testify and did testify that demolition of the building would require a rate increase; that whenever the top story of a three story building is being removed, the vacancy rate is applicable which is "54 percent greater than the rate charged", and that "any change in the physical condition of the building constitutes an increase in hazard".

All appellant's points and contentions have been carefully considered and are overruled.

However, from the record we are of the opinion that since appellant paid appellee $2953 for wind damage to the roof in May 1969, and the roof was not repaired, that the judgment is excessive in such amount, and should be reversed for this reason only. Appellee is given 10 days from this date in which to file remittitur of $2953. Rule 440 Texas Rules of Civil Procedure. Big Town Nursing Home, Inc. v. Newman, Tex.Civ.App., 461 S.W.2d 195; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835. If such remittitur is filed within 10 days the judgment of the trial court will be reformed and affirmed.

Reversed and remanded.

## OPINION AFTER FILING OF REMITTITUR

Appellee having filed remittitur of $2953, as suggested by this Court, the judgment of the trial court is reformed in conformity with such remittitur, and as reformed is affirmed in the amount of $32,047. Costs of appeal assessed against appellant.