VALDEZ et al. v. YELLOW CAB CO. et al.
No. 12579.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 9, 1953.

Emanuel Gassman, San Antonio, for appellant.

W. Pat Camp, Sidney D. Callender, San Antonio, for appellees.

NORVELL, Justice.

This is an action for damages by reason of the death of Desiderio Valdez, who was struck by a Yellow Cab while walking along the highway. The jury found that the cab driver, Manuel Davila, Jr., failed to keep a proper lookout, which was a proximate cause of the accident. They also found that Valdez was guilty of a number of negligent acts which were proximate causes of the accident. Upon the contributory negligence findings, judgment was rendered for defendants. Appellants do not attack the sufficiency of the evidence

to support such findings, but contend that the court erred in failing to submit the theory that Manuel Davila, Jr., was guilty of negligence per se in exceeding the speed limit established by an ordinance of the City of San Antonio, and that the court erred in failing to hold that certain interrogations addressed to Manuel Davila, Jr., should be taken as answered in the affirmative, under the provisions of Rule 169, Texas Rules of Civil Procedure. The effect of such affirmative answers would be to convict Davila of further acts of negligence.

Appellants' points do not present a reversible error. Contributory negligence is an affirmative defense and when established it avoids liability, although the defendant may have been guilty of one or more negligent acts or omissions proximately causing plaintiff's injuries. In the absence of some special circumstance, not here present, an error, from the plaintiff's standpoint, in the submission of his primary negligence issues, is regarded as harmless when it appears that the jury upon sufficient evidence has answered properly submitted contributory negligence issues unfavorably to plaintiff. The harmless error rule is likewise applicable to the improper admission or exclusion of evidence relating to such plaintiff's primary negligence issues, so long as such evidence does not also bear upon the contributory negligence issues.

In this case, although in one particular Davila was found negligent, the judgment was rendered upon the jury's findings of contributory negligence. Had he been found guilty of several acts of negligence, proximately causing the accident, the judgment still would have been for the defendants. The errors, if any, urged by appellants are therefore harmless. Rule 434, Texas Rules of Civil Procedure; Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339; Miller v. Estep, Tex.Civ. App., 5 S.W.2d 876; 3 McDonald, Texas Civil Practice, § 12.37, p. 1170.

Affirmed.