v.

**The STATE of Texas, Appellee.**

Nos. 28289–28291.

Court of Criminal Appeals of Texas.

April 25, 1956.

**A. D. WILLIS, Appellant,**

v.

**SOHIO PETROLEUM COMPANY and Homer England, Appellees.**

No. 5143.

Court of Civil Appeals of Texas.

El Paso.

March 7, 1956.

Rehearing Denied March 28, 1956.

John J. Watts, Bill Kimbrough, W. R. Barnes, Odessa, for appellant.

Perkins, Bezoni & Casebier, Midland, for appellees.

FRASER, Justice.

This was a suit for personal injuries in which the appellant recovered a judgment and in which the jury attempted to ·award $20,000 to the appellant, but the Court entered judgment on motion of the defendants for judgment based on certain findings which convicted the appellant of contributory negligence. The Court overruled the motion for judgment non obstante veredic-

to by the appellant based upon the grounds that there was no evidence supporting the findings of the jury of contributory negligence. Appeal was duly taken from judgment entered by the Court and is now properly before this Court for action.

Appellant was an employee of the Hurst Drilling Company which had a contract to do certain work on a well belonging to appellee Sohio Petroleum Company. While engaged with a fellow worker in swabbing out the well, appellant was injured when the oil saver blew off during the course of the operation. The jury found appellee (defendant) guilty of negligence in several respects, but found appellant guilty of contributory negligence, as appears from the following special issues and answers thereto:

"Special Issue No. 40: Do you find from a preponderance of the evidence that A. D. Willis, while attempting to tighten the studs on the oil saver at the time of the accident in question, had his head and face above and over the oil saver? Answer 'Yes' or 'No'.

"Answer: Yes.

"If you have answered the foregoing Special Issue No. 40 'Yes', and only in such event, then answer:

"Special Issue No. 41: Do you find from a preponderance of the evidence that the act, if any, of A. D. Willis in placing his head and face above and over the oil saver in question while attempting to tighten the studs on the oil saver at the time of the accident (if you have so found) was negligence?

"Answer: Yes.

"If you have answered Special Issue No. 41 'Yes', and only in such event, then answer:

"Special Issue No. 42: Do you find from a preponderance of the evidence that such negligence, if any you have found, was a proximate cause of the accident in question? Answer 'Yes' or 'No'.

"Answer: Yes."

Appellant bases his argument that his motion for a judgment non obstante veredicto should have been granted on the ground that there was no evidence of probative value to sustain the jury's findings above set forth. His brief points out that there is no direct evidence that plaintiff had his face over the oil saver when it blew off. The record bears out this contention. Appellant testified that he at no time had his face over the oil saver, and testified both that the oil saver hit him and that he actually did not know what had hit him, but was blown several feet away by the force of the explosion. There is no testimony in the record by any eyewitness. Appellees produced several witnesses who testified as to the mechanical makeup of an oil saver, and stated that because of the wire cable running through the middle of the device that when it blew off the casing, or head, it could only travel up the cable, and that therefore if appellant was struck by the oil saver he would have had to have his face over it in order to be struck. Appellant mentioned his injuries as including a torn lip, and damage to his teeth, indicating that he was struck by something in the front of his face. He stated that he was tightening the rubbers on the oil saver when it blew up, but stated that he was standing at one side and did not have his face over the device. There is no evidence in the record that the wire cable broke or that the oil saver itself came apart, other than to come loose from the well head, nor did we find anything in the record to the effect that the appellant hit his face or head on any object near the well other than the oil saver.

There is therefore evidence of probative value to support the jury's findings of contributory negligence and proximate cause. We must therefore hold that the trial court was correct in overruling appellant's motion for judgment, notwithstanding the verdict. Appellant's first point is therefore overruled.

Appellant's remaining points are grouped together and allege errors with reference to a number of matters. We have examined each one of these points and do not

find reversible error there contained. In any event, the jury did find appellee negligent in advising appellant to turn the pressure from the well into a two-inch line which the jury found was plugged, and further the appellee was found negligent in not providing adequate pressure gauges, and lastly, the jury did award the appellant the sum of $20,000 as damages. It would seem that these findings, coupled with the finding of appellant guilty of contributory negligence, would render any errors that might be found in points 2 to 14 harmless. These points are accordingly overruled. Valdez v. Yellow Cab Co., Tex.Civ.App., 260 S.W. 2d 715.

Finding no error, appellant's points of error are accordingly overruled and the judgment of the trial court affirmed.