Kenneth ZELLERS, Appellant,

v.

Dudley R. CLOUD et al., Appellees.

No. 13185.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1957.

Rehearing Denied June 5, 1957.

Rosson & McGown, San Antonio, Cox, Patterson & Freeland, McAllen, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellees.

BARROW, Justice.

This is a personal injury case tried before a jury. Judgment was rendered for the defendants upon the jury verdict. Plaintiff appeals.

The appellant, Kenneth Zellers, was severely injured when the automobile he was driving overturned upon entering, or attempting to enter, a detour road constructed and maintained by appellee highway contractors, Dudley R. Cloud and his son, Bruce B. Cloud, a partnership doing business under the firm name of Dudley R. Cloud & Son. Under contracts with the Texas State Highway Department, it was appellees' duty to construct and maintain the highway and detour road in question so as to provide for the safety of the traveling public. The accident occurred on June 11, 1953, at night, about 12:30 o'clock a. m., on U. S. Highway No. 83, in Zapata County, Texas, about forty miles east of Laredo, on what was known as the "Burro Creek Job." The detour in question was used by the traveling public while a new bridge was being constructed by the appellees over Burro Creek. The work on the highway and bridges in this locality was necessitated by reason of the creation of Falcon Dam and Lake.

The appellant testified that he was driving a Ford automobile on the date in question, at night, going from McAllen to Laredo, over Highway No. 83, in a westerly direction, when he unexpectedly, and without warning, came upon a barricade across the highway, with a "Detour" sign on it and an arrow pointing to the left. He slowed his car and made a turn to the left from the main highway into the detour. However, a second turn was required, to the right. He did not make this second turn, but his car went off the detour over an unmarked three-foot bank or drop-off on the south edge of the detour opening, then turned over and appellant was seriously injured. The appellees did not contest the injuries. The jury assessed the damages sustained by plaintiff at $60,537.35.

The jury found that appellees were not negligent in failing to mark the three-foot drop-off on the south edge of the detour on which appellant's car fell and overturned; that appellees had placed warning signs on the highway of the detour, and that there was no loose gravel on the detour at the place in question. The jury further found that appellant was not driving in excess of 55 miles per hour, but found that he was driving at a greater speed than a person of ordinary prudence would have driven under the same or similar circumstances; that appellant failed to keep a proper lookout; that he failed to have his car under proper control, and failed to apply the brakes of his car when he saw two lighted flares. These were found to be negligence and a proximate cause of the accident. The jury further found that appellant was not negligent in failing to apply his brakes when temporarily blinded by an approaching car, that he was not negligent in turning to the left, as he did, that he raised his headlight beams in ample time, that he did not turn left prior to reaching the detour in question; that the bright lights of an approaching car were not the sole proximate cause, and that the accident was not an unavoidable accident.

The appellees were permitted, over appellant's objection, to both plead and introduce opinions and conclusions that the Texas State Highway Department absolved them of any wrongdoing.

The appellant seeks a reversal upon eight points. The first three points present the same question and will be discussed together. By these points appellant contends that the trial court erred in permitting appellees, over his timely and proper objection, to plead and to prove by the witnesses, Daniel O. Farias, the resident Chief Inspector of the Texas State Highway Department, and Dudley R. Cloud, one of the appellees, that the construction and maintenance of the detour in question, including the location and maintenance of all guard rails, flares and warning signs, were all done, kept and maintained under the supervision, inspection and approval of said Chief Inspector and of the State Highway Department itself.

The appellant presented his complaint to the trial court by motion to strike the trial amendment containing such allegation, on the ground that such official approval by the State Highway Department and its representatives, constituted an invasion of the province of the jury; that it was immaterial, constituted opinions and conclusions, that it injected into the case the standard of care of such official rather than that of the ordinary prudent person, and that reading such pleading to the jury was highly prejudicial to the appellant. This motion was overruled by the court and appellees were permitted, over the timely objection and exception of appellant, to prove in great detail, by both of said witnesses, Cloud and Farias, that each and every act, whether of omission or commission, was inspected, checked, supervised and approved by the State Highway Department and its representative, the resident chief inspector. In each of these rulings—in refusing appellant's motion to strike the trial amendment and in permitting the witnesses, Cloud and Farias, to testify in support thereof—the trial court erred.

This is a common law action for damages for personal injuries. The responsibility of the parties is measured by the standard of ordinary negligence, viz., that which a person of ordinary prudence would or would not have done under the circumstances, and not by that which would or would not have been approved by the State Highway Department or its chief inspector. A finding either way by the jury, on the issue raised by this pleading, would have added nothing to support a judgment. It would have been proper for these witnesses to have testified as to what was done and not done, and leave to the jury to decide whether a reasonably prudent person would have so acted. We think permitting these witnesses to testify that everything appellees did or left undone met with complete satisfaction, approval and sanction of the State Highway Department and its chief inspector, after due supervision, checking and inspection, obviously constituted an invasion of the province of the jury. Moreover, we think this testimony embraced conclusions and opinions of the witnesses upon ultimate issues to be decided by the jury, and should have been excluded for that reason. Page v. Scaramozi, Tex. Civ.App., 288 S.W.2d 909, writ ref. n. r. e.

Appellees cite the case of Driver v. Worth Construction Co., Tex.Civ.App., 264 S.W.2d 174, reversed on other grounds, 154 Tex. 66, 273 S.W.2d 603. In this case testimony was admitted similar to that complained of here, but the objection thereto was only a general objection. The court held it admissible as against a general objection. The opinion of the Court of Civil Appeals was careful to point out that the holding was on account of the character of the objection made, citing as authority, McCormick and Ray, Texas Law of Evidence, § 16, and Wigmore on Evidence, Third Edition, § 18, and thus indicating that if the objection had been specific and to the point, as in the case here, the holding would have been different.

This precise question was passed on twice by the Supreme Court of Alabama in Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807, and 224 Ala. 383, 140 So. 575. In this case of common law negligence, apparently one question was an-

**470**

swered by a witness bringing into the case the instructions of the State Highway Department with reference to the barricades. The Supreme Court of that State held that the effect was to inject into the case immaterial testimony which was highly prejudicial. The defendant, a highway contractor, requested a charge to the jury to the effect that if the lights and other danger signals were placed as directed by the State Highway Department, then the plaintiff was not entitled to recover. The trial court's refusal to give the charge was approved by the Supreme Court.

In Holmes v. T. M. Strider & Co., 186 Miss. 380, 189 So. 518, 123 A.L.R. 1190, the Supreme Court of Mississippi had before it the same proposition, and held that the contractor could not shield itself from liability by instructions from the State Highway Department, that the law imposed on the defendant the duty of exercising reasonable care, and that defendant was liable for failure to do so, regardless of such instructions. Citing Morgan Hill Paving Co. v. Fonville, supra.

In Hughes v. Wabash Railroad Co., 342 Ill.App. 159, 95 N.E.2d 735, the case was reversed by the appellate court of Illinois because the trial court permitted a witness to testify that in his opinion the railroad crossing in question was extra hazardous, holding that such testimony invaded the province of the jury.

We believe the holding is in point here. If in that case a witness could not invade the province of the jury by condemning the crossing as extra hazardous, certainly, by the same reasoning, two witnesses should not be permitted to invade that province by giving not only the approval of these witnesses but also the official approval of the State Highway Department on the issues to be decided by the jury.

Appellees contend that even though it was error to admit the testimony complained of, such error was harmless, that it had little, if any, bearing on the issues that were submitted against appellees, and no bearing on the issues of contributory negligence at all. With this contention we do not agree. From an examination of the record as a whole, it is apparent that the accident occurred as a result of some act or acts, or failure to act, on the part of either appellant or appellees. The evidence complained of erroneously and improperly placed before the jury the unqualified approval and ratification of the State Highway Department of each and every act done and not done by appellees, in connection with the entire detour in question, coupled with the pleading complained of, which at the outset emphasized and enlarged upon the importance of this testimony, left the jury, in their search for some act of causation, nowhere to look but to the conduct of appellant. Hence, we think, the improper pleading and evidence complained of was relevant upon every issue of negligence or contributory negligence submitted to the jury. We believe the situation here presented falls squarely within the rule laid down by Judge Garwood, speaking for the Supreme Court, in Weaver v. Benson, 152 Tex. 50, 254 S.W.2d 95, and that the harmful effect of the error is manifest.

By his seventh point appellant complains of the court's action in submitting special issue No. 32, which inquired: "Do you find from a preponderance of the evidence that the failure of Kenneth Zellers to apply the brakes to slow the automobile he was driving at the time he first saw two lighted flare pots burning directly ahead of him, was negligence?" In view of the fact that this case must be reversed for the reasons above stated, we shall not discuss this point, except to say that we believe this issue as worded is on the weight of the evidence in assuming that appellant was driving too fast under the circumstances, and also assuming that appellant did fail to apply his brakes. Moreover, this issue is one of the evidentiary issues embodied within the issue of proper control, and should not have been given. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Schuhmacher

Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951; Harrison v. King, Tex.Civ.App., 296 S.W.2d 344; Texas Rules of Civil Procedure, rule 434.

We have examined the other points of error raised by appellant and find them without merit.

For the errors above pointed out, the judgment is reversed and the cause remanded.