## DUDLEY R. CLOUD ET AL V. KENNETH ZELLERS

No. A-6440. Decided January 29, 1958.
Rehearing overruled March 5, 1958.
(309 S.W. 2d Series 806)

*Jack Hebdon, Eskridge, Groce & Hebdon,* all of San Antonio, for petitioners.

The Court of Civil Appeals erred in holding the testimony of petitioners, contractor, and a State Highway inspector, concerning their recollection about the signs and flares and that they were satisfactory, was proper factual testimony and that the admission of said testimony, if error, was harmless. Weaver v. Benson, 152 Texas 50, 254 S.W. 2d 95-97; Gross v. Dallas Ry. & Term. Co., 131 S.W. 2d 113, 117, Err. Dism. Correct judgment.

*Cox, Patterson & Freeland,* of McAllen; *Rosson & McGown* and *Frank M. Rosson,* of San Antonio, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This is a personal injury case. Respondent Zellers was plaintiff in the trial court and Dudley R. Cloud and Bruce B. Cloud, doing business under the partnership name of Dudley R. Cloud & Son, were defendants. The parties will be referred to in this opinion as plaintiff and defendants.

Trial before a jury resulted in a verdict and judgment for the defendants. The Court of Civil Appeals reversed the judgment and remanded the cause for re-trial. 302 S.W. 2d 467.

Under contracts with the State Highway Commission defendants were engaged in the reconstruction of a section of U.S. Highway 83 in Zapata County. The contracts required the reconstruction of a part of the highway and the construction of a new bridge over and across Burro Creek. At the point where the construction work was being done the highway runs in an easterly and westerly direction. While the new bridge over Burro Creek was incomplete it was necessary that the new highway be barricaded at that point and that a temporary detour to and over the old road be provided for the traveling public using the highway. Accordingly, a short detour was built to the old road south of the new highway to permit traffic to by-pass the section where the new bridge was located. The opening or mouth of the detour road east of the bridge was some 230 feet wide.

A about 12:30 a.m. the plaintiff, while traveling in a westerly direction over Highway 83, came upon the barricade east of Burro Creek and, seeing the detour sign on the barricade pointing to the south, undertook to enter and use the detour road. He had hardly entered the road, however, before his automobile dropped off of the south embankment thereof and turned over several times. As a result he was severely injured.

Plaintiff's suit was based primarily on alleged negligent acts or omissions of the defendants in failing to have proper signs and flares as warnings to the traveling public of the dangers incident to the existence and use of the detour road. By way of defense the defendants pleaded, among other matters, that warning signs and flares were placed and maintained according to the requirements of the State Highway Department and that they were placed according to directions of the resident state highway engineer who thereafter checked them daily. This pleading was read to jury over the plaintiff's objection.

On the trial Dudley R. Cloud was permitted to testify, over objection, that Mr. Farias, resident highway engineer, inspected the warning signs placed by him at and near the construction project and never said anything to him about "the presence or absence" of signs. Mr. Farias was permitted to testify, over objection, that he inspected the signs placed at the project by the defendants; that the places where signs were to be placed were designated on the plans or by him personally; that the placing

of the signs at the project was satisfactory and met with his approval; that the construction of the east end of the detour was satisfactory and met with his approval, and that the required flares and warning signs were properly placed and maintained.

Plaintiff objected to the reading of the pleading and the introduction of the testimony above mentioned on the ground that it invaded the province of the jury, constituted opinions and conclusions, injected into the case the standard care of the official rather than that of the ordinary prudent person, and was highly prejudicial to the plaintiff. The Court of Civil Appeals held that the trial court erred in overruling the objections and further held that the error was so prejudicial to the rights of the plaintiff as to require a re-trial.

■ We agree with the holding of the Court of Civil Appeals that it was error to permit the reading of the pleading and to admit the testimony of Cloud and Farias. See cases cited in the opinion of the Court of Civil Appeals, 302 S.W. 2d 469-470. Even so, the reversal of the trial court's judgment was not justified unless an examination of the record as a whole leads to the conviction that the error was calculated to cause and probably did cause the jury to give the answers it did give to all issues which will support the judgment. Rules 434 and 503, Texas Rules of Civil Procedure.

The trial court's judgment in the case may rest either upon jury findings which absolved the defendants of all negligence or upon findings that plaintiff's injuries were proximately caused by certain of his own negligent acts and omissions. If the trial court's judgment were supported solely by the jury findings on the primary negligence issues we would not hesitate to affirm the judgment of reversal. The testimony of the witness Farias constituted the strongest possible evidence that the defendants were guilty of no negligence in the placing of warning signs and that the failure to place flares or guard rails on the south embankment of the detour road was not negligence. We would hold, without hesitation, that the testimony was calculated to cause and probably did cause the jury to find that the defendants were not negligent in any respect inquired about in the primary negligence issues. But whether the testimony was calculated to cause and probably did cause the jury to make findings that plaintiff's own negligent acts and omissions were a proximate cause of his injuries is another matter.

■ The holding of the Court of Civil Appeals that the admission

of the evidence and the reading of the pleading probably caused the jury to make findings against the plaintiff in answer to the contributory negligence issues is based on what seems to us an unsound premise. The premise is found in the following language contained in the opinion (302 S.W. 2d 470):

"From an examination of the record as a whole, it is apparent that the accident occurred as a result of some act or acts, or failure to act, on the part of either appellant or appellees. The evidence complained of erroneously and improperly placed before the jury the unqualified approval and ratification of the State Highway Department of each and every act done and not done by appellees, in connection with the entire detour in question, coupled with the pleadings complained of, which at the outset emphasized and enlarged upon the importance of this testimony, left the jury, in their search for some act of causation, nowhere to look but to the conduct of appellant. Hence, we think, the improper pleading and evidence complained of was relevant upon every issue of negligence or contributory negligence submitted to the jury. We believe the situation here presented falls squarely within the rule laid down by Judge Garwood, speaking for the Supreme Court, in Weaver v. Benson, 152 Texas 50, 254 S.W. 2d 95, and that the harmful effect of the error is manifest."

In Weaver v. Benson this Court did, indeed, give an example of evidence which, although offered to show primary negligence on the part of a defendant, was also relevant on the plaintiff's contributory negligence, or lack of it. 152 Texas 50, 254 S.W. 2d 95-97. But it is not always so. By ways of example: If in a night-time collision case a witness was erroneously permitted to testify on behalf of the defendant that A, who was an honest man, told the witness that he had seen the defendant's approaching automobile and its lights were burning brightly, it could hardly be said that the evidence was relevant on an issue of whether the plaintiff's automobile was equipped with defective brakes. Moreover, if those were the only liability issues in the case and a jury found that the defendant was not operating his automobile without headlights burning, and further found that the plaintiff was operating his automobile with defective brakes which was negligence on his part and a proximate cause of the collision, an appellate court would hardly be justified in setting aside a judgment for the defendant entered on the verdict on the theory that being convinced by the improper evidence that the defendant was not negligent in the respect charged, the jury, in their search for some act of causation, was left nowhere to

look but to the conduct of plaintiff. Neither should a reversal ordinarily be ordered where the evidence improperly bearing on issues which, as answered, will independently support the judgment, and the answers to such issues are well supported by other competent and relevant evidence.

It may be stated categorically that the testimony objected to in this case was not *directly factual evidence* on the issue of whether the plaintiff kept a proper lookout as he approached the detour, or on the issues of whether as he approached the detour he was driving at a negligent rate of speed and failed to have his automobile under proper control. Those issues were answered against the plaintiff. On the last two issues the testimony could have had at most an indirect bearing. Particular emphasis is laid by plaintiff on the possibility that the testimony by confirming the non-negligence of the defendant in failing to place flares and guard rails on the south side of the detour bore weightily on the findings of contributory negligence. Perhaps the testimony did furnish a circumstantial basis for an inference by the jury that "in approaching the detour" the plaintiff was driving at an excessive rate of speed and failed to have his car under proper control, but that the jury drew the inference from the testimony seems to us more of a "possibility" and less of a "probability." The inference, on the record, was a rather remote one.

The question of the prejudicial character of the testimony as it bears on the issues of contributory negligence is much the same as the question with which we were concerned in Mrs. Baird's Bread Company v. Hearn, 157 Texas 159, 300 S.W. 2d 646. That case reached us on a question of jury misconduct, but the legal problem was the same as the problem in this case. Through a statement made by one of their number the other jurors in the Hearn case were given testimony, which they were not entitled to have or to consider, supporting the defendant's contention that it was not guilty of negligence. The jury absolved the defendant of negligence, as in this case, and found the plaintiff guilty of causative contributory negligence, as in this case. In refusing to hold that the improper testimony of the juror probably caused the jury to make the finding it did make on the contributory negligence issue, we emphasized that the impact of the statement of the juror on that issue "was rather remote and inferential." 300 S.W. 2d 650. We also emphasized the fact that the jury had returned a verdict evidencing a discriminating effort to answer the issues intelligently

and conscientiously from the evidence properly before them. 300 S.W. 2d 648, 649.

This case went to the jury on a charge containing thirty-six special issues. Eleven of the issues were with regard to five acts of negligence charged against the defendants. The acts of negligence involved the leaving of loose gravel on the detour, a failure to place a sign to warn of the presence of loose gravel, a failure to place a sign east of the barricade warning of the detour, a failure to place flares on the south side of the detour, and a failure to place guard rails on the south side of the detour. The jury found that there was no loose gravel on the detour, that the defendants did not fail to place a sign east of the barricade warning of the detour, and that the failure to place flares and guard rails on the south side of the detour was not negligence. Twenty-one of the issues related to nine acts of contributory negligence charged to the plaintiff. The jury exonerated the plaintiff of neglignce with rspect to five of the charges. It found that as he was approaching the detour the plaintiff was not driving his automobile at a speed in excess of fifty miles per hour; that he did not fail to apply his brakes when he was temporarily blinded by the lights of an oncoming automobile; that he did not turn his automobile to the left sooner than a person of ordinary prudence would have done; that after passing the oncoming automobile he did not wait for 100 feet before raising his headlights from low to high, and that he did not turn to the left before reaching the detour. In addition to the foregoing findings the jury found that the accident was not solely caused by the bright lights of the approaching automobile which temporarily blinded the plaintiff, and that the accident was not unavoidable.

The plaintiff does not contend that with the testimony of Farias excluded there remains no evidence of probative force to support the answers to the contributory negligence issues, nor even that the answers, with the testimony excluded, are so contrary to the great weight and preponderance of the evidence remaining as to be clearly wrong. We content ourselves, therefore, with the statement that the record contains evidence supporting the findings of contributory negligence and with the observation that the verdict as a whole rather clearly indicates a discriminating, conscientious and intelligent consideration by the jury of each issue separately. If we should say that the offensive pleading and testimony probably caused the jury to find that as he approached the detour the plaintiff was driving at an excessive rate of speed and failed to have his automobile

under proper control, how could we account for the fact that the same testimony did not cause it to find that the plaintiff turned to the left before reaching the detour or turned to the left sooner than a person of ordinary prudence would have turned, on which issus it was just as relevant? We also note (contrary to the opinion expressed by the Court of Civil Appeals) that belief by the jury that the testimony absolved the defendant of casual negligence did not leave "the jury, in their search for some act of causation, nowhere to look but to the conduct of the" plaintiff. The jury could have found in answer to issues submitted that the accident was solely caused by the bright lights of the approaching automobile which, according to the pleading and the testimony of the plaintiff himself, temporarily blinded him, or it could have found that the accident was unavoidable. Instead, it rejected all theories of causation save only a limited number of acts and omissions by the plaintiff himself, and we cannot say that its verdict in that respect was probably caused by the improper pleading and testimony. For other cases in which similar holdings have been made, see Valdez v. Yellow Cab Co., Texas Civ. App., 260 S.W. 2d 715, 716, no writ history, and Gross v. Dallas Ry. & Terminal Co., Texas Civ. App., 131 S.W. 2d 113 ,117, writ dismissed, correct judgment.

■ We have omitted any discussion or consideration of Special Issue No. 32 in answer to which the jury found that the failure of the plaintiff to apply his brakes to slow his automobile at the time he first saw two lighted flare pots ahead of him was negligence. The Court of Civil Appeals held that the form of the issue amounted to a comment on the weight of the evidence and that the matter inquired about was purely evidentiary. Since the judgment may rest on other findings of contributory negligence any error in the form of Issue 32 is immaterial.

■ Plaintiff had before the Court of Civil Appeals four other points of error which, if sustained, would require an affirmance of the judgment of that court. It is our duty to consider those points. Jordan v. Morten Inv. Co., 127 Texas 37, 90 S.W. 2d 241, 242; Dallas Ry. & Term. Co. v. Bailey, 151 Texas 359, 250 S.W. 2d 379, 383.

Three of the points are directed at the form of contributory negligence Issues Nos. 13, 18 and 20 which inquire, respectively, if, "as he was approaching the detour," plaintiff was driving at a negligent rate of speed, failed to keep a proper lookout, and failed to have his automobile under proper control. The issues were objected to and are said to be erroneous because the quoted

wording was indefinite and did not fix the particular place or point on the highway inquired about, thus leaving the matter to speculation and conjecture on the part of the jury. The fourth point complains of the introduction of an aerial photograph. These points of error are without merit and are overruled.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered January 29, 1958.

MR. JUSTICE NORVELL, dissenting

In my opinion the trial court's judgment cannot be salvaged by an application of the harmless error rule.

The plaintiff was denied a recovery because of the jury's findings absolving defendants of negligence and convicting plaintiff of contributory negligence. The majority holds, and I agree, that improper evidence was received by the trial court. If the judgment rested alone upon the findings that defendant was free from negligence, I doubt if anyone would seriously contend that a reversal should not be ordered, for the improper evidence bore directly upon issues inquiring as to whether or not defendant had erected proper signs and barricades and maintained a suitable roadway for the detour, adequate guardrails, flares and the like. However the jury found plaintiff guilty of contributory negligence in (a) that "as he was approaching the detour at the time and place in question, (he) was driving the automobile at a greater speed than a person of ordinary prudence would drive under the same or similar circumstances;" (b) that "as he was approaching the detour at the time and place in question, (he) failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances," and (c) that "as he was approaching the detour at the time and place in question, (he) failed to have the automobile he was driving under such control as a person of ordinary prudence would have had under the same or similar circumstances."[1]

There was no finding that plaintiff had violated a penal statute so contributory negligence per se is not in the case.

---

1. The majority does not rest its decision upon the jury's answer to Special Issue No. 32, and I will not discuss it other than to say that here also I am in accord with the holding of the Court of Civil Appeals.

When we examine the issues inquiring as to defendants' alleged negligence, we also encounter the phrase, "at the time and in the place in question," and, of course, under the standard of a person of ordinary prudence, the term negligence by definition embraces the element of the "same, or similar circumstances." To my mind, no logical distinction can be drawn between negligence issues relating to the defendant and those referring to the plaintiff. These issues as to either party are not determined independent of time, place and circumstances. How can we say that the factual elements such as lights, warning devices, signs, etc. which enter into and determine the jury's conception of the "place in question" and the basic "circumstances" of the case have only an indirect insubstantial and inferential bearing upon the contributory negligence issues? Under the facts of this case, as pointed out by the Court of Civil Appeals, the testimony of Farias which tends to absolve defendants of negligence, likewise tends to convict the plaintiff of contributory negligence. I am in full accord with the discussion of the Court of Civil Appeals upon the question of harmless error rule as it applies to this case and hence need not farther prolong this opinion.

I would affirm the judgment of the Court of Civil Appeals and accordingly respectfully dissent from the order entered by the Court.

Opinion delivered January 29, 1958.

Rehearing overruled March 5, 1958.