Thomas A. MORRISS, Jr., et ux., Appellants,

v.

CENTEX PAVING COMPANY, Appellee.

No. 3641.

Court of Civil Appeals of Texas.

Eastland.

July 21, 1961.

Rehearing Denied Sept. 8, 1961.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Groce & Hebdon, San Antonio, for appellee.

WALTER, Justice.

Thomas A. Morriss, Jr., and wife filed suit against Centex Paving Company for personal injuries and property damage. Based on a verdict, the court rendered judgment for the defendant and the plaintiffs have appealed contending the court erred (1) in failing to disregard the jury's answers to the special issues finding him guilty of failure to keep a proper lookout which was a proximate cause of the accident and they also contend there was no evidence to support the jury's answers that Morriss failed to keep a proper lookout, which was a proximate cause of the accident (2) in failing to grant a new trial because of newly discovered evidence (3) in the admission of evidence (4) in refusing to admit in evidence the contract which appellee had with the State and (5) in overruling their motion to require the witness Bryant to produce a statement for inspection which he used to refresh his memory. They also contend there is no evidence to support the jury's answers that the appellant Morriss was operating his automobile at an excessive rate of speed that was a proximate cause of the accident. They also contend that the jury's findings that Morriss was guilty of driving his car at an excessive speed which was a proximate cause of the accident and the findings that he failed to keep a proper lookout that was a proximate cause of the accident are against the great weight and preponderance of the evidence.

Centex, under a contract with the State, was in the process of widening, flattening and repaving a highway about 10 miles east of Balmorhea at the time of this accident. At such time, Centex was in the process of placing piles of caliche in the center of the highway. These piles had been dumped in a double line on either side of the center stripe. The Morrisses drove through the construction area going east on said highway to a birthday party at about 3:30 in the afternoon. The accident took place at about 6:30 when they were returning from the birthday party and travelling west on said highway. Mr. Morriss was driving the automobile. As Morriss approached the construction zone, he passed a sign reading "Observe Warning Sign State Law". He then drove between two barricades on either side of the highway. The word "Slow" was painted on one of these barricades. Morriss then passed other signs such as "Construction Drive Carefully", "Road Machinery Ahead" and "Danger Blasting Area Turn Off Radio" before driving into the piles of caliche. The parties stipulated that a qualified appraiser would testify that the damages to the automobile caused by the accident amounted to $1,763. The damages included a cracked windshield, the steering wheel was pushed forward, the dashboard was jammed, the fender and grill were pushed in on the left side and the frame was bent.

■ The appellants' points on speed and lookout are without merit. Mr. Morriss' version of the accident is substantially as follows: that he was travelling west on the highway and noticed the barricades and slowed down; that the dust was blowing, the sun was low and he was having difficulty seeing; that he was looking straight down the road and did not see the piles of caliche until about the time he hit them; that he went over the top and sides of these caliche piles and at one time one tire went almost on top of one and the other tire was on level ground; that the sun did not blind him to the point that he could not see and that he could see well enough to drive; that

he didn't see the first pile of caliche until he was about 2 feet from it. Mrs. Morriss testified substantially as follows: that there was an area provided for traffic on either side of the caliche piles; that she had travelled through this construction area a number of times before the accident; that they were travelling about 55 or 60 miles per hour before entering the construction zone and about 35 or 40 miles per hour after entering such zone and they slowed down before reaching the caliche piles.

"Q. How far from the caliche would you say that was, if you have any idea? A. I wouldn't.

"Q. You wouldn't have any idea? A. No.

"Q. And how fast would you say he was going after he slowed down? A. Slower than thirty-five.

"Q. Could you give us any idea how much slower than thirty-five? A. No. I didn't look at the speedometer." One of appellants' witnesses who owned a place adjoining the highway testified, in effect, as follows: that he was travelling on said highway going west after the accident and was intending to turn at a point about 150 feet east of the caliche piles; that the sun was in his eyes and when asked "You saw the caliche more than 150 feet?" he answered "That is right." Another witness testified, under conditions existing at the time of the accident, the caliche piles could be seen for one-quarter of a mile with a clear windshield.

We hold there was some evidence of probative value to sustain the findings that Morriss failed to keep a proper lookout that was a proximate cause of the accident and that he was operating his automobile at a greater rate of speed than an ordinary prudent person would have under similar conditions that was a proximate cause of the accident. Our Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275, said: "In a case of this character, standards of ordinary care such as the di-

rection and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ. App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value, which with inferences that may be properly drawn therefrom, will reasonably support the same."

Our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, sets forth the duty of the Courts of Civil Appeals in passing on the question of the great weight and preponderance of the evidence points. We have followed that rule and have reached the conclusion that the jury's findings that Morriss was guilty of driving his automobile at an excessive rate of speed under the circumstances which was a proximate cause of the accident and the findings that he failed to keep a proper lookout that was a proximate cause of the accident are not against the great weight and preponderance of the evidence.

■ The court did not err in admitting photographs of the piles of caliche. See Dallas Ry. & Terminal Co. v. Durkee, Tex. Civ.App., 193 S.W.2d 222, (ref. n. r. e.).

■ Appellants' points complaining about the admission of Bryant's testimony and the action of the court in failing to require him to submit to appellants' attorney a statement which he used to refresh his memory do not show reversible error.

■ Appellants contend they are entitled to a new trial because of newly discovered evidence. This newly discovered evidence is set forth in affidavits of the witnesses Filesto Granado and Gilbert Granado. They were employed by Centex and arrived at the scene soon after the accident. Morriss talked to Filesto at the scene of the accident and inquired about the foreman on the job. " 'When application is made for a new trial on the ground of newly discovered evidence, it is necessary that the applicant show that knowledge of the existence of the new evidence was acquired subsequent to the former trial, and that it was not owing to want of diligence that such evidence was not discovered and obtained in time to be used when the case was tried; that the new evidence is material, and not merely cumulative, and that, if admitted, it would probably change the result upon another trial. The burden is upon the movant to establish each of these facts, and, if he does so, a new trial should be awarded as a matter of right, and a refusal thereof constitutes reversible error.' 31 Tex.Jur., P. 91, Sec. 81." Williams v. Southern Life & Health Insurance Co., Tex.Civ.App., 208 S.W.2d 574. This court held in the case of Brinker v. McDonald, Tex.Civ.App., 115 S.W.2d 1185, 1190, "The granting of a motion for a new trial on the ground of newly discovered evidence is within the sound discretion of the trial court. He, having heard the testimony and being familiar with all the details of the trial, is best fitted to determine the issues arising on such a motion. Ordinarily, his action thereon will be revised on appeal only when it is shown that such discretion has been abused." We hold that appellants have not discharged their burden of showing that the court abused its discretion in denying a new trial on account of newly discovered evidence.

■ The appellants offered the entire contract which Centex had with the State and the court refused to admit it. The contract had a provision on "Public Safety and Convenience" and "Detours, Barricades,

Warning Signs". These provisions might have aided appellants in convicting Centex of negligence. However, the jury found Centex guilty of negligence in failing to provide warning signs and in failing to provide a watchman at the east end of the caliche piles and that these acts were proximate causes of the accident. We believe that a statement by our Supreme Court in the case of Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806, 809, is applicable at this point. "It may be stated categorically that the testimony objected to in this case was not direct factual evidence on the issue of whether the plaintiff kept a proper lookout as he approached the detour, or on the issues of whether as he approached the detour he was driving at a negligent rate of speed and failed to have his automobile under proper control. Those issues were answered against the plaintiff." We hold the court's refusal to admit the contract in evidence was not reversible error. Rule 434, Texas Rules of Civil Procedure.

We have considered all of appellants' points and find no merit in them. They are overruled.

Judgment affirmed.