**Jim HAYWOOD, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 14421.

Court of Civil Appeals of Texas.

Houston.

Nov. 5, 1964.

Barber & Seale, Sid S. Stover, Jasper, for appellant.

Royston, Rayzor & Cook, Richard D. Davis, Bryan F. Williams, Jr., Galveston, for appellee.

COLEMAN, Justice.

This is a workmen's compensation case. Appellant primarily relies for reversal on his contention that the trial court gave undue and improper emphasis to the fact that appellant returned to work by placing the date on which he admittedly returned to work in several of the special issues submitted to the jury.

Before considering this and other claimed errors, it is proper to consider whether the trial court could have entered a judgment other than the one rendered.

The jury answered, "It is, *do* solely", to Special Issue No. Nine, reading:

"Do you find from a preponderance of the evidence that the Plaintiff's incapacity, if any, is not due solely to other injuries or bodily infirmities?

"Answer 'It is not due solely' or 'It is due solely.'"

The Supreme Court of Texas, in the case of Cloud v. Zellers, 158 Tex. 253, 309 S.W. 2d 806, held:

"Plaintiff objected to the reading of the pleading and the introduction of the testimony above mentioned on the ground that it invaded the province of the jury, constituted opinions and conclusions, injected into the case the standard of care of the official rather than that of the ordinary prudent person, and was highly prejudicial to the plaintiff. The Court of Civil Appeals held that the trial court erred in overruling the objections and further held that the error was so prejudicial to the rights of the plaintiff as to require a retrial.

"We agree with the holding of the Court of Civil Appeals that it was error to permit the reading of the pleading and to admit the testimony of Cloud and Farias. See cases cited in the opinion of the Court of Civil Appeals, 302 S.W.2d [467] 469–470. *Even so, the reversal of the trial court's judgment was not justified unless an examination of the record as a whole leads to the conviction that the error was calculated to cause and probably did cause the jury to give the answers it did give to all issues which will support the judgment.* Rules 434 and 503, Texas Rules of Civil Procedure. (emphasis added)

"* * *

"*The Court of Civil Appeals held that the form of the issue amounted to a comment on the weight of the evi-*

*dence and that the matter inquired about was purely evidentiary. Since the judgment may rest on other findings of contributory negligence any error in the form of Issue 32 is immaterial.*" (emphasis added)

In Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, the court said:

"In a case of this kind the burden is on the claimant to establish, by competent evidence, his right to compensation. Also it was the right of the insurance company to have the question as to whether Noack was suffering from heart trouble, and whether his injuries, if any, resulted solely therefrom, directly and affirmatively submitted to the jury, if the pleadings and the evidence raised such question. Dallas Ry. & Term. Co. v. Garrison (Tex.Com. App.) 45 S.W.(2d) 183 (opinion approved); Armour & Co. v. Tomlin (Tex.Com.App.) 60 S.W.(2d) 204. The insurance company filed a general denial. This was a sufficient pleading on its part."

In Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103, the court, citing numerous authorities, said:

"If the pre-existing disease is the sole cause of an employee's incapacity, then incapacity does not result from an injury and the employee is not entitled to any compensation."

The jury found in response to Special Issue No. One that the injury sustained by appellant was *not* the producing cause of any incapacity to work after June 26, 1961. Whether or not the court gave undue emphasis to the date appellant returned to work by the inclusion of that date in this and other issues predicated thereon, it is difficult to see how even improper emphasis on that fact could have influenced the jury in determining that appellant's incapacity to work was caused solely by pre-existing injuries. The answer to Special Issue No.

One is not necessarily a finding that there was no incapacity to work and, therefore, not inconsistent with the answer to Special Issue No. Nine. No attack has been levied against the answer to Issue No. Nine on any ground. The error, if any, in the manner of submitting Special Issue No. One would constitute harmless error under Rule 434, Texas Rules of Civil Procedure.

■ Appellant assigns as error the failure of the court to sustain his challenge for cause of a member of the jury panel and contends that he was thereby forced to accept an objectionable juror. It is contended that the juror challenged was disqualified by reason of the fact that he was insured by the appellee. The objectionable juror which appellant contends he was forced to accept was named and valid reason for objection stated. However these reasons are not proven and preserved by a bill of exception and do not otherwise appear in the record. Prior to the beginning of the jury deliberations this juror was excused from the jury by agreement. No error is presented by this assignment. Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, ref., w. m.; Parker v. Traders and General Insurance Company, Tex.Civ.App., 366 S.W.2d 107, judgment mod., Tex., 375 S.W.2d 714; Sellers v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 208 S.W. 397, error ref.

Appellant contends that his disability is caused by an injury to his low back. On deposition he denied that he had been previously injured, but on trial he admitted a previous injury when a bag of fuel fell on him. In answer to the question, "What did it hurt?" he stated: "It hurt me up between my shoulders." He then testified that he was off work six or eight months and his back got all right. He testified that this injury happened in 1946, but later said he didn't remember what year it was.

Appellee tendered into evidence appellant's petition in this prior law suit. Appellant made this objection:

"Comes now the Plaintiff in the above entitled and numbered cause and ob-jects to the introduction of said Petition referred to above on the grounds that it is immaterial and highly prejudicial; that subsection IV of said Petition pertains mainly to Plaintiff's claim of total and permanent disability and injury, which is merely a prediction; that Plaintiff has testified at the trial that he was injured when fuel fell on his back, as stated in said Petition.

"Plaintiff objects to the reading of the claim of permanent and total disability on the grounds that no inconsistency has been established between this and Plaintiff's testimony, the only possible inconsistency which has been established being that of the date of the injury. Plaintiff has no objection to the reading of the date of the injury. Plaintiff also has no objection to evidence as to the injury itself.

"* * *

"Plaintiff objects to the introduction of the documents as a whole on the grounds that they are prejudicial and immaterial and that no basis of inconsistencies has been established thereby making said Petition admissible. Plaintiff contends that the introduction of the documents is a lawsuit in itself prejudicial in this case. Plaintiff would have no objection to the introduction of evidence as to when the accident occurred, the injury.

"I would like at this time, without making another objection, to have wherever I say 'prejudicial and immaterial' also read 'hearsay.'"

The court made the following ruling:

"I will permit you to introduce that part of section IV down through subsection (5). The court overrules the Plaintiff's objections and exceptions to the entire offer and will permit Counsel to introduce into evidence that portion of the Petition consisting of subparagraph (a) of paragraph IV through subparagraph (5) only."

No further or additional objections were made.

The exhibit admitted reads:

DEFENDANT'S EXHIBIT NO. 7

"(a) That plaintiff sustained accidental injuries to his body while in the course of his employment on or about February 8, 1953, working for Temple Lumber Company at Pineland, Sabine County, Texas, doing work known as punching fuel. Early in the morning of this day about 2:30 fuel weighing approximately several hundred pounds fell on plaintiff from about 12 feet above and striking plaintiff with great force, knocking him down and covering him over. The heavy blow of the fuel, together with the fall, caused plaintiff serious and permanent injury to his body and thereby causing injury to the muscles, tissues, ligaments, sinews, nerves, tendons and bony structure of his back, resulting in permanent and total disability, to-wit:

"(1) Severe lumbo-sacral strain;

"(2) Straightening of the usual anterior lumbar curve;

"(3) Marginal lipping of the adjacent margins of the bodies of the 2nd and 3rd, 3rd and 4th lumbar vertebrae chiefly anteriorly;

"(4) Narrowing of the intervertebral disc space between the body of the last lumbar vertebra and the top of the sacrum;

"(5) Herniated disc with pressure on the nerve roots between L-5 and S-1."

■ The trial court did not err in admitting this portion of the petition. The statements contained therein were clearly inconsistent with appellant's contention that his prior injury concerned his back in the shoulder area. The objection was made to the document as a whole and no request was made that the allegation of total and permanent disability be eliminated. The document admitted was relevant to a material issue and was inconsistent with the position taken at the trial by appellant. Hartford Accident and Indemnity Company v. McCardell, Tex.Sup., 369 S.W.2d 331; St. Paul Fire & Marine Insurance Company v. Murphree, 163 Tex. 534, 357 S.W.2d 744.

The judgment of the trial court is affirmed.