**C. T. HUFFMAN d/b/a A. C. & W. Radiator Service, Appellant,**

**v.**

**Jose Hector SAENZ, Appellee.**

**No. 509.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 23, 1969.

Rehearing Denied Nov. 13, 1969.

Allison, Maddin & White, Richard Bradshaw, Corpus Christi, for appellant.

Perkins, Floyd, Davis & Oden, Lawrence Warburton, Jr., Alice, for appellee.

OPINION

GREEN, Chief Justice.

This is a common law action to recover damages for personal injuries received by plaintiff-appellee Jose Hector Saenz while working as an employee for defendant-appellant C. T. Huffman, d/b/a A. C. & W. Radiator Service. It was stipulated on the trial that defendant was engaged in a business subject to the Workmen's Compensation Act, and that he was not a subscriber to and was not covered by Workmen's Compensation Insurance. Thus, defendant was deprived of the defenses of contributory negligence, assumed risk, and negligence of a fellow employee. Art. 8306, § 1, Vernon's Ann.Tex.Civ.St.; Najera v. Great Atlantic & Pacific Tea Co., 147 Tex. 367, 207 S.W.2d 365; Sears, Roebuck & Company v. Robinson, 154 Tex. 336, 280 S.W.2d 238. It was essential for recovery, however, that plaintiff prove that his injuries were proximately caused by negligence of defendant, his agents or employees acting within the scope of their employment.

After a trial before the court and jury, judgment based on the jury verdict was rendered favorable to plaintiff Saenz. Defendant's motion for new trial was overruled and defendant has appealed.

It is the position of the appellant by his first point of error and his argument thereunder "that issues No. 2 and 3 should not have been submitted as under the evidence, even a favorable answer to the issues cannot support the verdict as a matter of law."

Special issues Nos. 1, 2 and 3 and the answers of the jury read:

## "SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Jose Hector Saenz sustained the injury as alleged while in the employ of Defendant on or about February 6th, 1968?

Answer 'Yes' or 'No'.

Answer: *Yes*

If you have answered the above and foregoing Special Issue No. 1 'yes', then you will answer the following Special Issue; otherwise, you will not answer same.

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the placement of the caterpillar radiator on the dolley in the manner in which it was placed was negligence?

Answer 'Yes' or 'No'.

Answer: *Yes*

If you have answered the foregoing Special Issue 'yes', then you will answer the following Special Issue; otherwise, you will not answer same.

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence such negligence was a proximate cause of the accident in question?

Answer 'Yes' or 'No'.

Answer: *Yes*"

■ Appellant's contention in his first point that there was insufficient evidence to support the submission of special issues 2 and 3, or to support the jury's answers thereto, is a "no evidence" point, and means that there was no evidence to warrant submission of the issue of negligence and proximate cause, or to support the jury's findings. Garza v. Alviar, Tex.Sup.Ct.,

395 S.W.2d 821, syl. 12–13. In ruling upon this contention, we must consider only the evidence and the inferences tending to support the submission of the issue and the jury's answer, and disregard all evidence and inferences to the contrary Same authority, syl. 1–3. No objections were made to the form of any of these issues.

On the occasion in question appellee Saenz, 32 years of age, was employed by appellant as a radiator repairman. About 5:30 p. m. on February 6, 1968, being about closing time, Saenz acting in the course of his employment lifted a dolley on which was positioned a large caterpillar radiator weighing about 300 pounds to roll it within the enclosure of the shop building, as no radiator was to be left outside the building overnight. As he lifted the dolley by the handles, he felt a pop in his back, and according to the jury's answer to the first special issue sustained the injury complained of. Appellant does not raise any complaint to the cause or extent of appellee's injury as found by the jury.

The dolley upon which the radiator was placed is a manual lifting and carrying device with two wheels at the front end, two legs at the rear, and a flat platform in between, which platform ends up with handles for lifting and pushing. A metal bar is across the fore end to prevent objects on the platform from sliding forward when the dolley is lifted. The radiator in question was made of cast iron with two heavy tanks weighing over two hundred pounds at the top, so that the lower end of the radiator weighed much less than the top. The evidence, including that given by appellant C. T. Huffman, was that the usual, customary and safe method of placing such radiator on a manually operated dolley was to position it with the heavy end at the wheels, and the light portion at the handles. This would balance the load and put the greater weight when being lifted and moved on the wheels and only a light weight on the handles, and consequently on the person lifting.

The radiator in this instance had been placed on the dolley by two of defendant's employees acting within the scope of their employment so that it could be moved indoors. It was positioned by them with the heaviest part to the handles instead of to the wheels. Appellee attemped to lift the dolley under the instructions of defendant C. T. Huffman to "get a move on, it is closing time, get these things in". Appellee testified he would not have lifted the dolley if he had known its load was too heavy. It was in evidence that it was customary for one man to pick a radiator up on the dolley and take it inside, and that it was unusual to ask someone else to help, and that the defendant did not consider it dangerous for his employees to lift a 300 pound weight on the dolley. At the time, only one other employee was present, and he had had an operation and was not available to help do heavy lifting.

There was also evidence that appellant had no safety rules or regulations concerning operations in his shop, and that he had given no instructions or warnings to his employees as to safety. There was evidence that other establishments similar to appellant's had safety programs for employees.

■ Appellant takes the position that the evidence fails as a matter of law to raise an issue (1) of negligence and (2) of proximate cause. We overrule such contention. Special issue No. 2 did not merely inquire as to negligence in placing the radiator on the dolley, but added "in the manner in which it was placed." The testimony disclosed that it was placed contrary to the normal and safer way, which would have been with the greater weight on the wheels, and not on the lifter. A reasonable inference to be drawn from the evidence is that it was because of the placing of the greater weight at the top of the dolley that the appellee received his injuries. We find that the evidence heretofore summarized warranted the trial court in submitting special issue No. 2, and that such evidence was legally sufficient to support the jury's

finding that the radiator was not placed on the dolley in a manner in which a person of ordinary prudence in the exercise of ordinary care would have placed it under the same or similar circumstances.

It further appears to us that the evidence was legally sufficient to support the jury's answer to the proximate cause issue. The fact that appellee, acting under appellant's exhortation to "get a move on, it is closing time, get these things in," had to stoop and lift the excessive weight on the handles, which weight should have been supported by the wheels of the dolley, together with all of the other evidence summarized above and all reasonable inferences therefrom, legally raised a fact issue for the jury to determine as to whether the result, or some similar result, might reasonably be anticipated as a natural and probable consequence by a person of ordinary care and prudence, in the light of attending circumstances.

Appellant in support of his contentions under his first point relies strongly on Fields v. Burlison Packing Company, Tex. Civ.App., 405 S.W.2d 105, wr. ref. n. r. e. In affirming a n. o. v. judgment for the defendant, the court held the evidence to be legally insufficient to support the jury's findings of negligence and proximate cause on two series of special issues, in answer to which the jury found (1) that employer placed the "lifter" tub of hamburger meat on the floor of the shipping room and in so doing failed to exercise due care, which was a proximate cause of plaintiff's injuries; and (2) that defendant failed to furnish sufficient help for the handling of the container of hamburger meat on the occasion in question, and that such failure was a proximate cause. Most of the discussion in the appellate court's opinion was on the second series of issues, in which the court after a thorough review of the authorities held that where the evidence showed that the employee knew that the tub of meat was too heavy but nevertheless voluntarily lifted it from the floor without seeking help which she knew was available,

the evidence was legally insufficient to establish an issue of negligence in employer's failing to furnish additional help. In the present case now on appeal this particular issue, failure to furnish sufficient help, was not submitted to the jury, and we are not concerned with it on this appeal.

As to the first series of special issues with reference to the findings of negligence and proximate cause in placing the "lifter tub" on the floor, the court held that there were other methods available to plaintiff by which she could have moved the tub with safety to herself, and said:

"The mere placing of the lifter tub on the shipping room floor cannot in itself be negligence under the facts of this case. We are of the further opinion that the plaintiff cannot prevail because one element of proximate cause, that of foreseeability, is not present and neither of the findings of the jury is a proximate cause of the injury sustained by the plaintiff. Even the plaintiff was unable to foresee injury according to her testimony."

*Fields* is not in point here. There is a clear distinction between "the mere placing of the lifter tub on the shipping room floor" and the placing, contrary to custom and the safe way, of the radiator on the dolley with the great weight on the handles and hence on the person lifting, rather than on the wheels.

Other cases cited by appellant as authority for his no evidence point No. 1 involved special issues concerning failure to furnish

sufficient or additional help. Great Atlantic & Pacific Tea Company v. Evans, 142 Tex. 1, 175 S.W.2d 249; Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977. We do not consider these cases controlling on the issues here in controversy.

*Appellant's first point of error is overruled.*

■ Appellant's second point of error raises the no evidence contention to the special issues and the jury's answers thereto of negligence and proximate cause concerning appellant's failure to provide rules and regulations for the safety of his employees. (Special issues 7, 8, 9). Since the answers of the jury to special issues 1, 2 and 3 would independently support a judgment for appellee without reference to the jury's answers to issues 7, 8 and 9, we find it unnecessary to pass upon appellant's 2nd point. Rule 434, Texas Rules of Civil Procedure; Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806; Prasek v. Dudley, Tex.Civ.App., 395 S.W.2d 876, 880, wr. ref. n. r. e.

In his third and last point of error appellant says that the trial court erred in overruling his motion for judgment n. o. v. because under the evidence the defendant was entitled to an instructed verdict. The only statement and argument in appellant's brief under this point is a reference to his argument under his prior points. In view of our holding on his first point, the third point of error is overruled.

Judgment affirmed.