Joseph E. RITMANICH, Appellant,

v.

Charlie W. ELLIOT et ux., Appellees.

No. 11848.

Court of Civil Appeal of Texas, Austin.

Oct. 20, 1971.

Rehearing Denied Nov. 3, 1971.

J. Leonard Gotsdiner, Houston, Prescott, Metcalf & Greenfield, C. Gorden Metcalf, Temple, for appellant.

Bowmer, Courtney, Burleson & Ferguson, Bob Burleson, Temple, for appellees.

SHANNON, Justice.

This is a negligence suit filed by appellees, Charlie W. Elliot and wife, Norma Mae Benson Elliot, against appellant, Joseph E. Ritmanich. Upon trial to a jury, appellees obtained a judgment for $10,915.00.

Appellees' suit arose from a nighttime automobile collision. The jury found that appellant drove at an excessive rate of speed, that he failed to keep a proper lookout, that he failed to make timely and proper application of the brakes and that each was a proximate cause of the collision. The jury found, further, that appellant failed to turn his automobile to the left to avoid the collision and that he was following appellees' automobile more closely than reasonable, and that each was negligence and also a proximate cause. The jury failed to find the appellee driver guilty of two separate acts of contributory negligence, and failed to find that appellant was acting in an emergency.

Appellant urges two points of error.[1] Appellees maintain, in part, that appellant's first point should be overruled because appellant failed to object and obtain a ruling at the time the evidence was offered, and because it complains only of harmless error. In reply to appellant's second point, appellees claim, among other things, that appellant is not entitled to appellate review because appellant failed to obtain a ruling on his objection to the jury argument and failed to request an instruction for the jury to disregard, and that the argument, if erroneous, was harmless.

Point one concerns the testimony of Hollie Tull, the Highway Patrolman who investigated the collision. Tull's qualifications to testify as to point of impact and the speed of appellant's automobile were examined outside the presence of the jury, and at the conclusion of that examination appellant's attorney objected that Tull was not shown to be qualified as an expert in

1. "Point One: The Trial Court erred in admitting into evidence, over the objection of the Appellant, testimony of the investigating police officer, Hollie Tull, to the effect that the skid marks left by the defendant's car and the damages to the two cars in question were consistent with the defendant's car having been driven at a speed of eighty miles per hour immediately prior to the collision in question. Point Two: The Trial Court erred in overruling Appellant's timely objection to the jury argument of Appellees' counsel, to the effect that Appellant's counsel had abandoned his client in the courtroom because of Appellant's testimony."

accident reconstruction and that his opinion as to point of impact and speed was grounded upon hearsay and speculation. In the colloquy between the court and counsel following this objection, the court observed that, "I don't much believe he (Tull) is qualified to testify as to that speed," and " * * * I'm going to let him testify as to that (point of impact) but not as to speed."

After the jury had returned, appellees' counsel resumed the direct examination of Tull. The complained of questions and answers follow. Tull was not asked specifically to give his opinion as to appellant's speed, but rather was asked if the skidmarks and the damage done were consistent with a speed of eighty miles per hour.

"Q Are the skidmarks in length that you have testified to here, are they consistent with speeds in excess of 80 miles per hour?

A I believe they would be. Yes, sir.

Q Now, the damage to these vehicles that was done, the deformation of the vehicles shown that were occupied by the Elliots and the vehicle shown to be driven by Mr. Ritmanich, is that sort of vehicle deformation consistent with speeds of 80 miles an hour of the Ritmanich vehicle?

A You mean before—

Q Before impact. Yes, sir.

A Yes, it is.

Q Yes. Before the skids started.

A Yes."

Appellant did not object to this testimony and the court made no ruling. Appellant did not move to strike, nor did appellant move to instruct the jury to disregard.

■ Appellant's point should have been directed, not to the ruling of the court in admitting the testimony of Tull as to speed, since there was no ruling, but rather to the conduct of appellees' counsel in asking questions which appellant felt to be in violation of the court's prior ruling. However, appellant's point one is overruled because appellant made no objection, on any ground, to the quoted evidence. Objections to the admissibility of evidence not made in the trial cannot be urged on appeal. Hill v. Baylor, 23 Tex. 261 (1859), Seymour v. Texas & N. O. R. Co., 209 S.W.2d 814 (Tex.Civ.App.1947, error ref.), Barrera v. Duval County Ranch Co., 135 S.W.2d 518 (Tex.Civ.App.1939, error ref.), McCormick and Ray, Texas Law of Evidence, Vol. I, p. 20.

■ ° Appellant's first point is overruled for another reason. Assuming that appellant had objected to Tull's testimony, and assuming that its admission was erroneous, appellant has not demonstrated that such testimony was reasonably calculated to cause, and probably did cause, the jury to give the answers it did to all the issues which support the judgment. Rule 434, Texas Rules of Civil Procedure, Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806 (1958). Appellant had the burden of showing that Tull's testimony, assuming it was erroneous, influenced the jury to give answers that it would not have otherwise given not only as to appellant's speed, but also as to lookout, proper application of brakes, failure to turn to the left, and following too closely.

With respect to speed, the jury did not find that appellant was driving in excess of eighty miles per hour, but rather found that he drove at an excessive rate of speed under the circumstances. There is ample evidence in the record perhaps more convincing of excessive speed than was Tull's testimony. The collision happened at night near a country intersection in Bell County. Appellee after stopping at the intersection and observing no lights turned on the paved road toward Temple. After being on the paved road for some five to seven seconds, he saw lights, heard brakes being applied and then the impact occurred. Appellant's view of the intersection was blocked by a

hill. Appellant testified that he was driving between sixty and sixty five miles per hour as he came up and over the hill, and that he realized he could not see over, but that he did not slow down even though he knew that slowing down would be a good driving practice. Appellant admitted that he saw appellee's automobile at a time when he could have slowed down sooner than he did. Appellee's automobile traveled 220 feet from the point of impact and was totally destroyed. Appellant's automobile skidded 200 feet before impact and 175 afterwards.

Besides excessive speed, the jury found appellant did not keep a proper lookout, that he failed to properly apply the brakes, that he failed to turn to the left to avoid the collision, and that he followed too closely. All of these findings are supported by ample evidence independent of Tull's testimony, and, of course, support the judgment.

■ Appellant's second point complains of appellees' jury argument. Counsel argued, "He has had to back off from that because if I have ever seen a lawyer abandon his client in the courtroom before the trial is over, it was Gordon Metcalf getting up here and telling you, 'I don't care if you believe Joseph Ritmanich or not.' He said it several times: 'I don't care what you do about that. Just disregard our case.' I think, even though he brought it on himself, Mr. Ritmanich deserved a little better representation; and it made me mad, frankly, because I think a lawyer ought to get in there to fight. * * *" The objection was, "Your Honor, I'm going to object to this type of argument. It is inflammatory, it's unethical and everything else." The court made no ruling on the objection.

Counsel should have pursued his objection and obtained a ruling and moved for an instruction for the jury to disregard the objectionable argument. The prejudice resulting from such argument can be usually removed by an instruction to the jury. See Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546 (1959).

The argument complained of was ill advised and should have been avoided. See Rule 269, Texas Rules of Civil Procedure. However, from an examination of the record as a whole, we are unable to say that the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. Aultman v. Dallas Railway & Terminal Company, 152 Tex. 509, 260 S.W.2d 596 (1953).

The judgment of the trial court is affirmed.

Affirmed.